[L. A. No. 49.   Department One.—December 3, 1895.]

W. P. GIBSON AND N. P. ALEXANDER, COPART-
NERS, ETC., RESPONDENTS, v. ELLA A. WHEELER,
APPELLANT.

MECHANIC'S LIEN — CLAIM OF MATERIALMAN—PLEADING — VARIANCE. —
  In an action to foreclose the lien of a materialman, in which the com-
  plaint alleges that a balance of the contract price is still in the hands of
  the owner of the building, and bases a right of recovery upon that
  ground only, the plaintiff cannot recover upon proof of the mere assump-
  tion by the owner of a debt of the contractor, or his agreement to pay
  such debt, which would not carry or create a right of lien, and which is
  not alleged in the complaint, and there can be no recovery against the
  owner, where the court finds as a fact that he had paid out more than
  the contract price of the building prior to the commencement of the
  action, and owed the contractor nothing.

ID.—MATERIALS FURNISHED TO OWNER NOT PLEADED—FINDING OUTSIDE
  OF ISSUES.—Where the complaint alleges only that materials were fur-
  nished to the contractor, the court cannot enforce a lien against the
  owner upon proof that materials were bought by the owner directly from
  the plaintiffs, and were used in the construction of the building, nor ad-
  judge the recovery of a lien for the amount of materials thus bought;
  and a finding of any contract with the owner not pleaded is outside of
  the issues made.

APPEAL from a judgment of the Superior Court of
Los Angeles County.   J. W. McKINLEY, Judge.

The facts are stated in the opinion of the court.

*W. R. Bacon*, and *M. K. Young*, for Appellant.

Findings outside of the issues are idle and useless,
and cannot support the judgment. (*Morenhout* v. *Bar-
ron*, 42 Cal. 591; *Devoe* v. *Devoe*, 51 Cal. 543; *Mondran*
v. *Goux*, 51 Cal. 151; *Green* v. *Covillaud*, 10 Cal. 332; 70
Am. Dec. 725; *Murdock* v. *Clarke*, 59 Cal. 683; *Clay* v.
*Walton*, 9 Cal. 328.)   A materialman has no lien, except
to the extent of the contract price. (*Bowen* v. *Aubrey*,
22 Cal. 571; *McAlpin* v. *Duncan*, 16 Cal. 127; *Turner* v.
*Strenzel*, 70 Cal. 28; *Wiggins* v. *Bridge*, 70 Cal. 437; *Sid-
linger* v. *Kerkow*, 82 Cal. 42; *Kerckhoff-Cuzner etc. Co.* v.
*Cummings*, 86 Cal. 27.)

*R. B. Treat*, and *C. K. Holloway*, for Respondents.

The promise of appellant to pay for the materials raised an original and absolute liability. (*Parker* v. *Heaton*, 55 Ind. 1; *Hedges* v. *Strong*, 3 Or. 18; *Booth* v. *Eighmie*, 60 N. Y. 238; 19 Am. Rep. 171; *Watson* v. *Jacobs*, 29 Vt. 169.)

GAROUTTE, J.—This is an action to foreclose a materialman's lien. The owner of the property, Wheeler, and Tetro, the contractor, are joined as defendants. Plaintiff recovered judgment in the sum of one hundred and twenty-two dollars and seventy-three cents, which sum was adjudged a lien upon the property, and defendant Wheeler now appeals upon the judgment-roll without a bill of exceptions. The *status* and rights of the contractor are not here involved. The main contention of appellant is that a fatal variance exists between the allegations of the complaint, and the findings of fact made by the trial court. The complaint alleges that a certain balance of the contract price, which was seven hundred and sixty-eight dollars, is still in the hands of the defendant Wheeler, and bases a right of recovery upon that ground. It not being necessary to record the contract, owing to the fact that the contract price was less than one thousand dollars, it would seem that no recovery could be had under any other theory than the one suggested. To be sure, we find an allegation in the complaint that "A. Tetro, as the agent and contractor for the owner, Ella A. Wheeler, entered into a contract with the plaintiffs, by which said plaintiffs agreed to furnish material, etc.," but there is no allegation anywhere that Wheeler agreed to pay for this material under any such contract or any contract; and it is quite apparent upon the face of the statement itself, and even more apparent when we consider the pleading as a whole, that such allegation is not, and was not intended by the pleader as, an allegation that the contractor bought this material acting as the agent of the owner, Wheeler; but it is evident that the statement is

made in the sense of the term "agent," as used in section 1183 of the Civil Code; and such was the construction given a similar allegation of a pleading by this court in *Renton* v. *Conley*, 49 Cal. 185.

The court found as a fact that defendant Wheeler had paid out more than the contract price of the building prior to the commencement of this action, and owed the contractor nothing. As a general rule of law, in a case like the one at bar, this finding of fact would defeat plaintiff's right of recovery against Wheeler, but it is claimed that certain other findings of fact made by the trial court support the judgment, and to those our attention will now be addressed. The court found that when plaintiffs had furnished material to the contractor to the value of one hundred and four dollars, and which material was used in the construction of the building, Wheeler requested plaintiffs to furnish no further material, as the contract price had been exhausted, and then and there agreed to pay plaintiffs for the material so furnished, to the amount of one hundred and four dollars, and no more. Standing alone, there is no comfort for respondents to be derived from this finding of fact, and it is doubly objectionable when viewed in the light of the complaint. Even if the complaint was broad enough to justify this finding, still an agreement by the owner of the building to pay a present existing indebtedness could never furnish material sufficient to base a charge of mechanic's lien upon the building. There are cases named in the statute where materials are deemed to have been furnished at the instance and request of the owner, and charges of lien so created, but there an entirely different principle is involved. We know of no case where an assumption of a debt, or an agreement to pay a debt, by the owner, will carry or create a right of lien. Again, no such contract is sued upon in the complaint. The contract there relied upon for recovery is one made by the contractor with plaintiffs prior to the furnishing of the material. The contract found upon by the court is one made by the owner

with plaintiffs, and made after the materials were furnished, and used in the construction of the building. As to the binding force and effect of this promise made by Wheeler to pay the sum of one hundred and four dollars (by reason of its being oral and probably without consideration), we refrain from deciding. We also conclude by reason of variance between the complaint and the finding, which we have already noticed, that plaintiffs are not entitled to a personal judgment for this amount.

The court made a finding to the effect that, subsequent to the agreement referred to in the above-mentioned finding, defendant Wheeler bought certain materials from plaintiffs upon her own account to the amount of eighteen dollars and thirty-three cents, to be used, and which were used, in the construction of the building, and a recovery and lien is also adjudged for this amount. But, as we have seen, the complaint proceeded upon no such theory. No such contract, or any contract with defendant, is alleged therein, and the finding is without, and not justified by, the issues made. Certainly, upon a judgment-roll containing no bill of exceptions, plaintiffs' cause of action cannot be better proved than stated.

For the foregoing reasons the judgment is reversed and the cause remanded.

HARRISON, J., and VAN FLEET, J., concurred.