[Sac. No. 558.   Department One.—November 16, 1899.]

.WILLIAM HINES et al., and H. D. READER et al., Respondents, v. FRANK MILLER et al., Defendants. H. BROWN et al., Appellants.

FORECLOSURE OF MECHANICS' LIENS—JUDGMENT FOR PLAINTIFFS—DOCKETING OF DEFICIENCY—APPEAL.—A judgment in an action to foreclose liens of laborers upon a mining claim, which declares "that judgment be and the same is hereby entered in favor of plaintiffs and against defendants" in certain specified sums, and directs the sale of the property, and provides for the docketing of the deficiency against the defendants, is not enforceable as a personal judgment, except for the deficiency which may be shown upon the sheriff's return of the sale; and will not be reversed upon appeal, upon the ground that the court was not authorized to render a personal judgment except for the deficiency.

ID.—ASCERTAINMENT OF AMOUNT DUE PLAINTIFFS—ENTRY OF JUDGMENT.— It was necessary that the court should ascertain and determine the gross amount for which the defendants were liable to the plaintiff, as a basis for determining the amount of the judgment to be docketed for deficiency, if there should be a deficiency in the proceeds of sale; and this determination is a judgment of the court upon the allegations as to the amount due, and is properly entered by the clerk in the judgment-book.

ID.—ALLOWANCE OF INTEREST UPON LIENS.—The court may properly allow interest upon claims of lien from the date of the filing of the lien, where the respective sums claimed were then past due by the terms of payment agreed upon.

APPEAL from a judgment of the Superior Court of Tuolumne County.   G. W. Nicol, Judge.

The plaintiffs were laborers upon a quartz mining claim, under a *per diem* contract for wages payable at the end of each month.   The claims of lien were filed thirty days after the cessation of labor of each claimant.   Further facts are stated in the opinion of the court and in the opinion rendered upon the former appeal.   (*Hines v. Miller*, 122 Cal. 517.)

Edwin A. Rogers, and W. H. H. Hart, for Appellants.

F. P. Otis, and F. W. Street, for Respondents.

HARRISON, J.—Judgment was rendered against the appellants herein upon their default for failure to answer the complaint, and they have appealed therefrom upon the judgment-roll. An appeal from the same judgment, taken by certain other defendants who had answered the complaint, was considered by this court (*Hines v. Miller*, 122 Cal. 517), and the judgment was affirmed. In the opinion then given the character of the action is sufficiently stated, and need not be here repeated.

The present appeal is urged upon the ground that under the provisions of section 1194 of the Code of Civil Procedure, the court was not authorized to render a personal judgment against the defendants except for such deficiency as might appear from the sheriff's return after his sale of the property charged with the lien. That section provides: "Whenever in the sale of the property subject to the lien there is a deficiency of proceeds, judgment may be docketed for the deficiency in like manner and with like effect as in actions for the foreclosure of mortgages."

A proper construction of the judgment in the present case shows that it does not violate the provisions of this section. After declaring "that judgment be, and the same is hereby, entered in favor of plaintiffs and against defendants" in certain specified sums, and that the liens of the plaintiffs upon the mining claim be and the same are hereby foreclosed against the defendants, it directs that said property be sold by the sheriff in the manner provided by law, and, "if the amount derived from the sale of said property be not sufficient to pay each of the plaintiffs in full, then upon the coming in of the return of the sheriff of said county on the said sale the clerk of the court docket the judgment for such deficiency against the defendants"—naming them. Under these provisions there could be no judgment docketed against them until after a sale by the sheriff and his return showing a deficiency of proceeds. The judgment itself was not enforceable as a personal judgment against the appellants, except for such deficiency as might be shown upon such return. (*Central etc. Co. v. Center*, 107 Cal. 193. See, also, *Painter v. Painter*, 98 Cal. 625; *Kreling v. Kreling*, 116 Cal. 458.) The judgment as entered is within the

allegations of the complaint, and it does not appear that any execution has issued upon the judgment, or that any judgment has been docketed against the appellants.

It was necessary that the court should ascertain and determine the amount for which the defendants were liable to the plaintiffs, in order that it might be seen, when the sheriff's return came in, whether there would be a deficiency in the proceeds of the sale. This determination by the court was its "judgment" upon the allegations of the plaintiffs in that respect, and under section 668 of the Code of Civil Procedure was properly entered by the clerk in the "judgment-book." Section 1194 of the Code of Civil Procedure is silent upon the "entering" of judgment, but provides for "docketing" the judgment for whatever deficiency there may be in the proceeds of the sale.

The court properly allowed to the plaintiffs interest upon their claims. (*Pacific etc. Co. v. Fisher,* 106 Cal. 224; *Macomber v. Bigelow, ante,* p. 9.)

The judgment is affirmed.

Garoutte, J., and Van Dyke, J., concurred.