[Civ. No. 1153.   First Appellate District.—March 13, 1914.]

HARDWOOD INTERIOR CO., Inc., Respondent, v. J. E. BULL et al., Defendants; EMMA C. FERRIS, Appellant.

MECHANIC'S LIEN—THEORY OF LIEN LAW—BASIS OF LIEN—BENEFIT OF OWNER.—While it may be true that the theory upon which the Mechanics' Lien Law is based is that the owner receives a benefit which he is estopped to deny, yet our statute does not seem to contemplate, as an essential prerequisite to the existence of a lien under it, that the owner must be benefited by the labor bestowed or the materials furnished.

ID.—ALTERATION OF BUILDING—SURFACING AND WAXING FLOOR FOR DANCING PURPOSES.—The surfacing and waxing of the floor of a loft in a building, at the instance of the lessees, to make it suitable for dancing purposes, is an "alteration" to a part of the building, within the meaning of section 1183 of the Code of Civil Procedure,

24 Cal. App.—9

ı · and the contractor doing or furnishing the work is entitled to a lien therefor if the owner fails to post notice of nonliability under section 1192 of such code, although it does not appear that the work is of any benefit to the owner of the building.

ID.—FORECLOSURE OF LIEN—VARIANCE BETWEEN LIEN AND PROOF.—In an action to foreclose such lien, the mere fact that the lien speaks of the work detailed therein as an "improvement" cannot be regarded as creating a substantial variance between the lien and the proof.

ID.—ACTION ON QUANTUM MERUIT—INTEREST BEFORE JUDGMENT.—If the action is based upon a *quantum meruit* the claimant is limited in his recovery to the reasonable value of the work done or materials furnished; and as reasonable value requires determination, no interest can be charged until judgment is rendered.

ID.—FIXED CONTRACT—EXTRA CHARGE FOR NIGHT WORK—INTEREST FROM DATE OF LIEN.—If the complaint contains an allegation that the agreed price is a reasonable one, but the action is based upon a contract in which the terms are fixed and definite, judgment should be given for the full amount prayed for, with interest from the date of lien, notwithstanding proof of double pay for night work. It cannot be said that the extra charge for night work is of itself evidence that the charge is unreasonable.

ID.—JUDGMENT—AGREED VALUE OF LABOR AND MATERIAL.—Section 1183 of the Code of Civil Procedure provides that certain designated persons shall have a lien "for the value" of the labor done and materials furnished; and this phrase, in the absence of fraud, means the "agreed value" in cases based upon contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

Charles S. Wheeler, John F. Bowie, and Nathan Moran, for Appellant.

Samuel M. Samter, for Respondent.

KERRIGAN, J.—This is an appeal by defendant Emma C. Ferris, owner of the lot and building described in the complaint, from a judgment foreclosing a mechanics' lien upon said real estate. Prior to the time when this controversy arose Emma C. Ferris leased to defendants J. E. Bull and Arthur E. and Frederick W. Elworthy, copartners, the loft

of the premises affected, which loft was to be used exclusively as a dancing hall.   Thereafter said copartners entered into a contract with the plaintiff to surface and wax the floor of the loft in order to make it suitable for dancing, the price agreed upon for the work being the sum of three hundred and sixteen dollars.   The work consisted of making the floor level and smooth by sandpapering it with a machine operated by electricity and by hand labor, after which it was waxed.   The agent of the appellant knew that this work was being done, and gave no notice that the owner would not be responsible for the cost of it by posting written notice to that effect in a conspicuous place on the premises as provided in section 1192 of the Code of Civil Procedure.

The work was completed, and the partnership defendants having paid only a portion of the bill therefor, a lien was filed by the plaintiff against the property, and subsequently this action was commenced to foreclose the same.

It is under the terms of section 1183 of the Code of Civil Procedure that plaintiff claims to be entitled to a lien.   That section provides that contractors, subcontractors, . . . and all persons and laborers of every class performing labor upon, or furnishing materials to be used in the construction, alteration, addition to, or repair, either in whole or in part of any building, . . . shall have a lien upon the property upon which they have bestowed labor, or furnished materials, for the value of such labor done and materials furnished.   It is conceded that the work done did not constitute a matter of "construction," nor "addition to," nor a "repair to" the building; and the question therefore presented for decision is, was the work upon the floor of the loft an alteration to a part of the building?

While it may be true, as suggested by appellant, that the theory upon which the Mechanics' Lien Law is based is that the owner receives a benefit which he is estopped to deny, yet our statute does not seem to contemplate, as an essential prerequisite to the existence of a lien under it, that the owner must be benefited by the labor bestowed or the materials furnished.   Having in mind matters of alteration, we can readily imagine instances where a change in a part of a building would be a detriment to the property, and yet be so unquestionably an alteration as to come clearly within the language

of section 1183 of the Code of Civil Procedure, and be lienable. In the present case, while we think that the question is a close one, we are of the opinion that the work done upon the building was of a more substantial character than the mere cleaning or polishing of the floor, or superficial work of that character, and was in fact an alteration of the floor as the word alteration is defined by the standard lexicographers (*Sessions* v. *State,* 115 Ga. 18, [41 S. E. 259, 260]); and that consequently the contractor doing or furnishing the same is entitled to a lien under the section of the code mentioned, notwithstanding that the record fails to show that the work was of any benefit to the owner of the building on which it was bestowed. If this work had been done for the owner of a building after it was a completed structure, we have no doubt it would be considered lienable. If lienable in such a case, it is lienable in this case also.

The appellant could, if she had any doubt concerning the question as to whether or not this character of work came within the purview of the act, have relieved herself from responsibility by posting a nonliability notice.

There is no variance between the notice of lien and the proof. The lien, as does the evidence, shows the character of the work. The mere fact that the lien speaks of the work detailed therein as an "improvement" cannot be regarded as creating a substantial variance between the lien and the proof.

It is contended by the appellant that no interest should have been allowed prior to the rendition of the judgment. In support of this contention it is claimed that the action was in the nature of one upon *quantum meruit,* and that the amount being unliquidated, no interest could be charged until the amount due plaintiff was determined at the trial.

The record does not support this contention. The action was based upon a contract for a definite sum. During the trial the defendant contended that notwithstanding this fact, plaintiff was limited in its recovery to the reasonable value of the work done. Acting upon this theory, the trial court permitted evidence, over the objection of plaintiff, to show that double pay had been charged for night work. Plaintiff thereupon introduced testimony to show that the amount agreed upon by the parties was a reasonable one. Upon the conclu-

sion of the evidence the trial court held the defendant liable to the plaintiff for the amount of the contract price less the sum of $18.75. It is undoubtedly true, as claimed by appellant, that when the action is based upon *quantum meruit* a lien claimant is limited in his recovery to the reasonable value of the work done or materials furnished; and as that reasonable value requires determination, no interest can be charged until judgment is rendered. It can hardly be said, however, that an extra charge for night labor is of itself evidence that the charge is unreasonable. Moreover, while the complaint in this action contains an allegation that the agreed price is a reasonable one, the action was based upon a contract in which the terms were fixed and definite, and judgment should have been given for the full amount prayed for. (*Macomber* v. *Bigelow,* 126 Cal. 9, [58 Pac. 312]; *Hines* v. *Miller,* 126 Cal. 683, [59 Pac. 142]; *Pacific etc. Co.,* v. *Fisher,* 106 Cal. 224, [39 Pac. 758].) Section 1183 provides that certain designated persons shall have a lien "for the value" of the labor done and materials furnished; and this phrase has been construed to mean, in the absence of fraud, the "agreed value" in cases based upon contract. (*Jewell* v. *McKay,* 82 Cal. 144, 150, [23 Pac. 139].) It follows that the court should not have disallowed the sum of $18.75 included in the contract price. The amount claimed being fixed and definite, the plaintiff should have been given judgment for the full amount of his claim; and this being so, he was entitled to have interest allowed.

As modified the judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.