[L. A. No. 4573. Department One.—July 15, 1918.]

ALBERT HERTEL, Respondent, v. IDELLA EMIRECK et al., Defendants; SUMMERLAND REALTY COMPANY (a Corporation), Appellant.

APPEAL—ORDER DENYING NEW TRIAL—NEWLY DISCOVERED EVIDENCE—RECORD INSUFFICIENT.—An appeal from an order denying a motion for a new trial on the ground of newly discovered evidence cannot be considered where the affidavits on which the motion purports to have been made, though embodied in the printed transcript, are not authenticated either by incorporation in a bill of exceptions or under section 953a of the Code of Civil Procedure.

ID.—HARMLESS FAILURE TO FIND.—Where the findings actually made require a judgment in plaintiff's favor, the failure of the court to find upon other issues raised by the pleadings, a disposition of which either way could not have changed the result, is immaterial.

ID.—EVIDENCE NOT BROUGHT UP IN RECORD—ASSUMPTION BY APPELLATE COURT.—Where issues not answered by the findings of the trial court were raised by the defendant and appellant's own affirmative allegations, and the evidence was not brought up by the record on appeal, it must be assumed by an appellate tribunal that no evidence was offered in support of these affirmative averments.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Victor T. Watkins, for Appellant.

Hindman & Yakey, for Respondent.

SLOSS, J.—This action was brought to foreclose a mortgage of real property, executed by the defendant, Summerland Realty Company, a corporation, to secure its note for three hundred dollars. Said defendant appeals from the judgment, which was in favor of the plaintiff, and from an order denying its motion for a new trial.

The answer admitted the execution of the note and mortgage, and nonpayment of the debt. It set up affirmative defenses based upon misrepresentations alleged to have been

made by the plaintiff in the negotiations leading up to the giving of the note and mortgage. The court found that no such misrepresentations had been made. The evidence is not before us, and the appellant makes no point on its appeal from the judgment.

It is argued that a new trial should have been granted on the ground of newly discovered evidence. But the record contains no showing upon which this point can be considered. Copies of certain affidavits are embodied in the printed transcript. But these papers are not authenticated, either by incorporation in a bill of exceptions or under Code of Civil Procedure, section 953a. They cannot, therefore, be considered here. (Supreme Court Rule XXIX, [160 Cal. lvi, 119 Pac. xiv]; *Herrlich* v. *McDonald,* 80 Cal. 472, [22 Pac. 299]; *Von Glahn* v. *Brennan,* 81 Cal. 261, [22 Pac. 596]; *Melde* v. *Reynolds,* 120 Cal. 234, [52 Pac. 491]; *San Diego Sav. Bank* v. *Goodsell,* 137 Cal. 420, [70 Pac. 299].)

The further point is made that the decision was against law in that the court failed to find upon certain issues raised by the pleadings. The findings actually made were such as to require a judgment in plaintiff's favor, and this result could not have been changed by a disposition, either way, of other issues. The want of further findings was, therefore, immaterial. (*Fogg* v. *Perris Irr. Dist.,* 154 Cal. 209, [97 Pac. 316].) Besides, the issues which, as appellant claims, were not answered by findings were raised by its own affirmative allegations. The evidence not having been brought up, we must assume that the defendant offered no proof in support of these averments. The want of findings thereon is, accordingly, no ground for reversal. (*Himmelman* v. *Henry,* 84 Cal. 104, [23 Pac. 1098]; *Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Roberts* v. *Hall,* 147 Cal. 434, [82 Pac. 66]; *Coats* v. *Coats,* 160 Cal. 671, [36 L. R. A. (N. S.) 844, 118 Pac. 441].)

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Richards, J., *pro tem.,* concurred.