[Sac. No. 4056.   Department One.—May 31, 1928.]

G. ALBERTI, Respondent, v. C. E. JUBB, Appellant.

Clark Clement for Appellant.

John G. Covert, John F. Pryor and George L. Reimbold for Respondent.

PRESTON, J.—This is an action in equity for the rescission of a written agreement entered into between the parties for the sale by defendant and purchase by plaintiff of an electric violin piano for the sum of $1,600 and to obtain cancellation and surrender of forty promissory notes of $40 each executed by plaintiff and delivered to defendant to provide payment in monthly installments for said instrument.

The complaint was based upon allegations of false and fraudulent misrepresentations made by defendant seller as to the playing condition of said instrument. Upon these grounds the trial court found in favor of defendant to the effect that the piano was at all times in the condition of an ordinary second-hand instrument and was bought by plaintiff as such.

During the trial, however, plaintiff for the first time learned of the condition of title to the instrument, and was permitted by the court to file an amendment to his complaint alleging breach of implied warranty of title by the seller based upon facts substantially as follows, admitted in evidence over the objection of defendant: One Craine obtained possession of the instrument under a conditional sales contract between the Irvine Music Company and himself but title never passed from the company to him. With $1,400 still due the music company upon the purchase price of $1,650, said Craine dissolved a partnership which he had

entered into with one Bartlett and allowed the piano to remain upon the partnership premises, which Bartlett continued to occupy, although said instrument was never considered partnership property. Still later defendant purchased it from Bartlett for $100, which amount was characterized as being about right for storage. Bartlett, however, took no steps to foreclose a lien, if any he had, on said instrument for storage and the rights of defendant were based solely upon his aforesaid purchase from Bartlett. Craine testified that until the trial of this action he was unaware that the piano had been sold to defendant and, as against everyone except the music company, he claimed to be entitled to possession of it under the aforesaid conditional sales agreement. .

Upon this issue the court found that defendant had falsely represented to plaintiff that he was the owner of and entitled to possession of said instrument and if plaintiff had not believed said representations, he would not have entered into said agreement with defendant. Judgment accordingly was entered canceling the agreement, declaring the notes void and ordering them to be surrendered and delivered to plaintiff. Defendant has appealed.

█ Appellant's first contention is that the amendment to the complaint was an attempt to state a new cause of action and therefore it was improperly allowed by the court. It is plain, however, that the amendment stated the same cause of action, with additional grounds of complaint, to wit, a cause for rescission of said agreement between the parties based upon new and further allegations of misrepresentation. No abuse of discretion by the trial court is shown and we hold that said amendment was properly allowed.

█ Disregarding the undisputed fact that he contracted to sell for $1,600 an instrument which he had purchased for $100 and to which he had acquired no title and hence could pass none, appellant claims that the record does not show a fraudulent intent on his part nor had respondent a cause for rescission of the agreement so long as his possession of the piano remained undisturbed.

While the rule as to disturbance of possession laid down in the authorities cited by appellant (*Courtney* v. *Gordon*, 74 Mont. 408 [241 Pac. 233]; *Gross* v. *Kierski*, 41 Cal. 111) might apply were the action one for damages, the conclusion

that respondent is entitled to rescind the contract upon the ground of breach of implied warranty of title by appellant (36 A. L. R., note, p. 482; 27 R. C. L., p. 648, sec. 410; secs. 1765 and 1786, Civ. Code; *Burks* v. *Davies,* 85 Cal. 110 [20 Am. St. Rep. 213, 24 Pac. 613] ; *Milton Realty Co.* v. *Butterfield,* 87 Cal. App. 772 [262 Pac. 419]) is not precluded by the fact that the possession of respondent has so far remained undisturbed. The element of damages does not enter into the case. Respondent is required to rescind promptly (Civ. Code, sec. 1691; *Garstang* v. *Skinner,* 165 Cal. 721 [134 Pac. 329]), and he is entitled to thus protect himself from being forced to make monthly payments on notes given for property which he has discovered belongs to another and is liable to claim and removal by such person at any time.

The same result may be reached upon other grounds. Fraudulent intent is not a necessary element of an action of this character. There can be no doubt that respondent entered into the agreement with appellant under a misapprehension of the true facts as to title to the instrument. Such mistake of fact, even were no misrepresentation shown, would be a valid ground upon which equity could decree cancellation of the contract (Civ. Code, sec. 1689, subd. 1; *Hannah* v. *Steinman,* 159 Cal. 142 [112 Pac. 1094] ; *Robertson* v. *Robertson,* 137 Va. 378 [36 A. L. R. 479, 482, 119 S. E. 140]).

There is no merit in the contention that the piano was abandoned property. The doctrine of abandonment is well stated in 1 Cal. Jur., pp. 1–16. The abandonment must be the voluntary act of the owner and it must be clearly proved. Here the necessary elements are neither shown nor proved.

The court found that just prior to commencement of this action appellant was endeavoring to transfer the notes in question to another for value; they were, however, produced and deposited under stipulation pending final determination of the cause. Appellant complains of failure of the court to find that he had the notes in his possession. The absence of such finding is immaterial and does not constitute prejudicial error, as the findings made fully dispose of the issues in the case (*Hertel* v. *Emireck,* 178 Cal. 534 [174 Pac. 30]).

Appellant complains of other minor matters, which have received our careful attention but which are not worthy of discussion. We find all his various contentions to be without merit, including his criticism relating to failure of the judgment to order delivery of the piano to him. The judgment only authorizes retention of the piano by respondent until surrender of the notes and cancellation of the contract, and this right of possession is, of course, good only as against the claims of appellant. The necessary interpretation of the judgment is to terminate, upon compliance by appellant therewith, respondent's claim to possession of the instrument. Respondent cannot in such event resist appellant's demand for possession; neither can he guarantee to deliver the instrument to appellant, as the true owner may reclaim in the meantime. The wording of the judgment is proper.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.