[S. F. No. 12385.   Department One.—September 7, 1928.]

GOLDEN GATE BUILDING MATERIALS COMPANY (a Corporation), Respondent, v. BENJAMIN FIREMAN et al., Appellants.

A. P. Dessouslavy and P. A. Bergerot for Appellants.

Philip B. Beggs and Frank L. Hatch for Respondent.

PRESTON, J.—Appeal by defendants Benjamin and Helen Fireman from judgment for plaintiff in an action to foreclose, on certain real property owned by them, a mechanic's lien for building materials furnished to defendant Sexton, the general contractor employed by his said co-defendants to repair, alter, and add to the building situate on said premises.

The facts as shown by the evidence and found by the court are in substance as follows: That in April, 1925, defendants Fireman, the owners of said real property, employed defendant Sexton to furnish materials and perform labor in plastering a building situate thereon; that while so engaged said defendant Sexton "employed plaintiff to furnish for use, and which actually were used, in said building for the alterations, addition to and repair thereof, materials" consisting of mortar and other plastering materials, and agreed to pay plaintiff $1,232.68, the reasonable value thereof; that plaintiff performed all the conditions of its contract on its part to be performed but said defendants failed to pay any part of said sum, save the amount of $687.60, thus leaving a

balance of $545.08 due plaintiff. The court further found that although no notice of completion or cessation from labor as provided by section 1187 of the Code of Civil Procedure was filed, said labor was duly completed on June 15, 1925; that defendant as a lien claimant at an expense of $1.70 duly perfected and filed for record its claim of lien. Complaint and summons were not served upon defendant Sexton and he made no appearance in the case. Judgment in accordance with said findings was duly entered for plaintiff for said sums of $545.08, $1.70, interest and costs, which sums the sheriff was directed to pay from the proceeds of sale of said real property and it was further adjudged that in case said property should not sell for enough to satisfy the amount in said decree provided, plaintiff have a deficiency judgment for the balance against defendants Benjamin and Helen Fircman.

Said defendants in prosecuting this appeal urge four grounds for reversal of said judgment, to wit: (1) Admission, over objection, of hearsay evidence as to amount and value of said building materials; (2) Lack of evidence that said materials were used in appellants' building; (3) Failure of the court to find upon an alleged accord and satisfaction; (4) Error in directing a deficiency judgment against appellants.

■ The first three contentions we find to be without merit. The only witness for plaintiff was J. D. Murphy, its salesman; nevertheless he testified that he was the very person who solicited the order from defendant Sexton and got the job and that he knew of his own knowledge that goods and materials of the amount and value specified in the itemized statement rendered the buyer, which was made an exhibit in the case, were actually delivered on the job, signed for, and that he was on the job at times and actually saw and knew that they were used in the work. In other words, the testimony of this witness, considered with the other evidence, amply supports the conclusion of the trial court. His position with plaintiff apparently was, and the court believed it to be, such that it was possible for him to speak of his own knowledge, and not through hearsay, as to the various matters which were the subject of his testimony, and that testimony, being believed, was amply sufficient to establish plaintiff's case.

■ With respect to the alleged accord and satisfaction, defendant Benjamin Fireman testified that on April 16, 1925, Mr. Murphy, plaintiff's said salesman, came to him and stated that he would be satisfied with a payment of $500 to cover materials for the whole job, all of which had been delivered and that the empty sacks would take care of the small balance; that accordingly defendant gave Mr. Murphy his check for that amount, saying he would not be responsible for any more materials, and received in return a receipt, introduced in evidence, which was partially torn and reads in part: "Received $500.20 from B. Fireman covering (tear) in full for Plastering materials. . . . " He further testified that defendant Sexton abandoned the job and on several mornings thereafter a truck came and carried away plaster and other materials. Another witness also stated that he had seen materials removed by a truck from the job. In conflict with the above evidence is further testimony of Mr. Murphy to the effect that he received said $500 payment on account and gave therefor a receipt "to date in full"; that the portion torn from said receipt had contained the words "to date"; that some materials were returned to plaintiff by truck because they were unsatisfactory but that they were replaced by other goods suitable to defendants' need, as shown by credits appearing on the statement of account. Under such conflicting evidence support is found for the decision of the trial court that there was no accord and satisfaction but a finding to this effect was not required. If made it would have been adverse to appellants and its omission was immaterial as the findings made fully determine the cause (*Hertel* v. *Emireck*, 178 Cal. 534 [174 Pac. 30]; *Alberti* v. *Jubb*, 204 Cal. 325 [267 Pac. 1085].)

■ The contention that the decree errs in directing a deficiency judgment against appellants must be sustained. Said decree, as to any deficiency shown by the sheriff's return on the sale of the property, constitutes a personal judgment against the owners thereof (*Hines* v. *Miller*, 126 Cal. 683 [59 Pac. 142]; 17 Cal. Jur., sec. 157, p. 219), and under the pleadings here a personal judgment against said property owners is not justified. A lien claimant who has furnished material at the instance of a contractor is entitled to a personal or deficiency judgment against the contractor but not against the owner, unless the complaint shows the

existence of a contract, express or implied, between said owner and the claimant (*Gibson* v. *Wheeler*, 110 Cal. 243 [42 Pac. 810]; *Beard* v. *Lancaster*, 72 Cal. App. 148, 150 [236 Pac. 970]; *Roberts* v. *Security T. & S. Bank*, 196 Cal. 557, 574 [238 Pac. 673]; 17 Cal. Jur., sec. 156, p. 217). The complaint in this case is predicated solely upon the employment of plaintiff by the contractor, alleging that "while so engaged in the plastering of said building . . . defendant Sexton employed plaintiff" to furnish said material and "agreed to pay plaintiff therefor the reasonable value thereof." There is no allegation in any way indicating the existence of an express or implied contract between plaintiff and defendant owners. The claim of lien likewise alleges that said Sexton was "the contractor employed by said owners . . . and is the person who employed claimant to furnish materials. . . . " Under such pleadings, the evidence as to the subsequent dealings of said owners direct with plaintiff is ineffective as a basis for a deficiency judgment against the owners. The case of *Gibson* v. *Wheeler*, *supra*, is directly in point and determinative of this issue. The portion of said decree providing for said deficiency judgment, which reads: "That in case said real property should not sell for enough to pay and satisfy said sums in this decree above provided, that plaintiff have a deficiency judgment for the balance against defendants Benjamin and Helen Fireman, his wife," is hereby stricken out, but as otherwise rendered said decree is affirmed.

Seawell, J., and Curtis, J., concurred.