[Civ. No. 7264. First Appellate District, Division Two.—March 25, 1930.]

J. C. RIDENS, Respondent, v. ECONOMY HOME BUILDERS, INC. (a Corporation), et al., Defendants; THOMAS BERRY, Appellant.

Dana R. Weller for Appellant.

Duke Stone for Respondent.

NOURSE, Acting P. J.—Plaintiff sued to foreclose a mechanic's lien. He had judgment against defendant Berry alone for $518.70. The appeal is on typewritten transcripts.

The cause was dismissed as to all defendants other than Berry, the owner of the premises where the labor was performed. As to him plaintiff proved every essential element justifying his claim to a foreclosure of his lien. The defendant offered no defense. Findings and judgment were prepared and signed in which it was decreed that plaintiff have judgment in foreclosure "and for such lien purposes only." But the judgment contained a direction that if the proceeds of the sale should be insufficient, a deficiency judgment for the amount unpaid should be entered in favor of plaintiff.

■ On this appeal error is predicated upon the latter portion of the judgment. It is error, of course, unless the appellant is "the party personally liable therefor" within the meaning of section 1194 of the Code of Civil Procedure. There is some evidence in the record showing the appellant executed a conditional sales contract with its co-defendant Economy Home Builders, Inc., whereby the corporation agreed to subdivide the premises, erect homes thereon, and sell the same for the benefit of the appellant. The contract is not in the record and no other evidence of its terms was offered. ■ The trial court found that the respondent's services, which are the basis of his claim of lien, were engaged by the corporation, and the respondent now argues that it is a fair inference from the evidence that, in this respect, the corporation was merely the agent of appellant and that the appellant was, in reality, the contractor for whom the services were performed. If the corporation was but an agent of the appellant for this purpose, and not an independent contractor, then the appellant would be the party personally liable for the services under section 1194 and the deficiency judgment against him was proper.

■ We must presume the regularity of the judgment, and the fact that the point was not raised in the trial court, by objection to the findings under section 634 of the Code of Civil Procedure, or by motion under section 663 of the Code of Civil Procedure, indicates that the appellant did not deem the error, if any, prejudicial. ■ The lien is for a comparatively small sum. It covers a number of lots of land,

the proceeds from the sale of any one of which may be sufficient to satisfy the judgment. We have frequently said that we are here to consider only such errors as are shown to be prejudicial. The matter complained of is not of that character.

Judgment affirmed.

Sturtevant, J., and Burroughs, J., *pro tem.*, concurred.