[Civ. No. 17009. First Dist., Div. One. Nov. 5, 1956.]

ALICE VIERRA RISKAS, as Executrix, etc., Plaintiff and Respondent, v. WAYNE DE LA MONTANYA et al., Appellants; HENRY A. TIESLAU, Cross-Defendant and Respondent.

Wagener, Brailsford & Knox for Appellant.

Oswald G. Ingold and Henry Poppic for Respondents.

BRAY, J.—Defendant appeals from a judgment for plaintiff for $3,300 and a denial of relief to defendant upon his cross-complaint.

### QUESTIONS PRESENTED

1. Was there a warranty of the fitness of the crane?
2. Should the court have found expressly on accord and satisfaction?

### EVIDENCE

Defendant rented a crane from plaintiff's assignor, Henry A. Tieslau, for a monthly rental of $825.* Defendant took possession of it on October 18th, moving it to Mare Island. Defendant testified that it repeatedly broke down in use because of mechanical failures which defendant had to repair, and that he was able to use it on the intended job approximately 50 hours only. About December 12th defendant placed the crane in storage. Approximately seven and a half months after the rental agreement was executed, the crane was returned to Tieslau. Plaintiff sued for eight months' rental less a credit of $412.50, or $6,187.50. Defendant answered, alleging that the crane was not in a condition to perform the work for which it was hired, and that at the request of Tieslau, defendant expended $1,700 for repairs to the crane.

---

*The rental agreement provided for an option to purchase the crane, which option was never exercised.

Defendant cross-complained for that amount. The court found against defendant on his allegations that the crane was unfit and that he repaired it at Tieslau's request, or that defendant expended $1,700 or any other sum for repairs of the crane. It then found that the balance due plaintiff on said contract of hiring the crane was $3,300 and gave judgment for that amount. It further denied defendant any relief upon his cross-complaint.

1. *Warranty.*

This case is primarily a factual one, in which practically all the material testimony of defendant is denied by Tieslau. As to warranty, defendant testified that prior to the execution of the rental agreement he explained to Tieslau that he intended to use the crane as a dragline crane and told him the character of the work to be done. Tieslau testified that the crane was rigged for both dragline and regular work but that defendant did not tell him what the crane was to be used for. In fact the work was more or less secret. Tieslau testified that defendant inspected the crane on two occasions before ordering it, that the crane was in reasonably good condition (his son testified to the same effect concerning its condition) and that defendant had agreed to make all the main repairs and to do all maintenance work, and that the work claimed to have been done by defendant was "simply maintenance on the machine." He further testified that at no time had defendant notified him that the crane was not working properly or needed repairs, also that he had not been informed that the crane was placed in storage and was not thereafter being used.

Defendant's evidence was to the contrary, but it was for the court to resolve the conflict. The work at Mare Island stopped on December 10th because of flooding of the work area and its being under water, and could not thereafter be resumed.

Tieslau testified that the first time he knew that defendant claimed that the crane was not fit for the work or that defendant claimed to have made repairs chargeable to him was after suit filed; that at all times prior thereto defendant admitted owing the money but was in financial difficulties and wanted more time to pay. An employee of a collection agency testified to the same effect. Thus there is substantial evidence for the court's implied findings of no warranty, that the crane was reasonably fit, and that no repairs chargeable to Tieslau were made.

Defendant contends that the court failed to find directly

on the warranty and repair issue. Defendant's allegation of warranty was that the crane was not in a condition to perform the work for which it was hired; that upon learning of its condition defendant immediately notified Tieslau thereof and that Tieslau advised that he would make an adjustment. The court found this allegation to be untrue. Section 1955, Civil Code, which provides that one who lets personal property must put it into condition fit for the purpose for which it is let and repair all deteriorations not the fault of the hirer, and section 1957 providing that if the letter fails to fulfill the obligations as prescribed by section 1957, the hirer "after giving him notice to do so," may expend any reasonable amount necessary to make good the letter's default and recover such amount from him, are not applicable here, where the defendant inspected the crane before taking it, the letter did not know the purpose for which the crane was to be used and the hirer agreed to make all repairs. Moreover, under the circumstances here, section 1957 requires notice. The court found that none was given. (See *Baker* v. *Gibson*, 14 Cal.2d 59, 65 [92 P.2d 796], cited by defendant, and *Pugh-Miller Drilling Co.* v. *Main Oil Co.* (1929), 98 Cal.App. 297, 300 [276 P. 1043], for requirement that notice must be given.)

2. *Accord and Satisfaction.*

Defendant testified that a payment of $100 and the delivery to Tieslau of certain materials was accepted by the latter in full settlement of Tieslau's claims. While admitting the receipt of this money and certain materials, Tieslau testified that they were received on account and not in full settlement. This issue the court resolved in Tieslau's favor by finding the amount due from defendant. Defendant contends the court should have made an express finding on accord and satisfaction. Defendant did not expressly plead it. His only reference in the answer and cross-complaint to this subject was a denial of plaintiff's allegation as to the amount due. This did not raise an issue of accord and satisfaction and hence the court was not required to find on it.

 While the general rule is that he who relies on an accord and satisfaction must plead both (*Berger* v. *Lane*, 190 Cal. 443, 447 [213 P. 45]), there is an exception to the rule. "This rule, however, we take it is subject to the exception that if a plaintiff, as a part of his case, proves a payment, and the circumstances under which it was made tend to show an accord and satisfaction, the defendant may

rely upon the facts thus shown as constituting an accord and satisfaction though not pleaded as such in the answer.'' (*B. & W. Engineering Co.* v. *Beam*, 23 Cal.App. 164, 177 [137 P. 624].) This exception, however, would not apply here, for two reasons: (1) the plaintiff did not prove an accord and satisfaction, and (2) the defendant did not prove one. The finding of the court on the allegations of the complaint and answer was a sufficient finding on the subject. As said in *Golden Gate Bldg. Materials Co.* v. *Fireman*, 205 Cal. 174, 177 [270 P. 214]: ''Under such conflicting evidence support is found for the decision of the trial court that there was no accord and satisfaction but a finding to this effect was not required. If made it would have been adverse to appellants and its omission was immaterial as the findings made fully determine the cause [citations].''

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.