[Civ. No. 25439.    Second Dist., Div. Two.    Oct. 25, 1961.]

PIERCE ENGINEERING COMPANY (a Corporation), Respondent, v. AGNES D. CHOHON, Appellant.

Shulman and Shulman and Adley M. Shulman for Appellant.

Kahn, Stern & Blaney and Doyle O. Blaney for Respondent.

HERNDON, J.—This is an action brought against appellant, Agnes D. Chohon, and her husband, Alexander T. Chohon, to foreclose a mechanic's lien. The defendant husband defaulted. In the trial court appellant did not question plaintiff's right to foreclose its lien upon the property described in the complaint, but urged that the evidence failed to establish any personal liability on her part, so that there was no basis upon which a deficiency judgment could be entered against her. The trial court held both defendants personally liable and rendered judgment against them for the amount prayed, ordered a sale of the property, and decreed that plaintiff should have judgment against defendants for any deficiency.

On her appeal from the judgment, appellant contends that the findings of the trial court upon which the personal judgment against her is necessarily based are without support in the evidence. Accordingly, we shall recite the pertinent facts revealed by the record.

Appellant and her husband were at all material times the owners of the described real property. The record is entirely silent as to the manner in which appellant acquired her interest in the property and the manner in which title was held by the defendants.

On or about November 5, 1958, plaintiff undertook to render certain services and to furnish materials to defendants in connection with the improvement of a building located on said real property. The work involved the installation of an air-conditioning system. On November 10, 1948, a written contract was executed describing the work to be done and stating the contract price to be the sum of $12,520. This contract was signed by plaintiff and by appellant's husband, but it was not signed by appellant. There is no evidence that appellant authorized her husband to act as her agent in signing the contract.

The work of improvement was completed in March of 1959. According to the undisputed evidence, the reasonable value

of the work done and materials furnished was $12,520, no part of which has been paid. Plaintiff's lien was duly filed.

The complaint states three causes of action. The first cause of action alleges all the facts essential to establish plaintiff's right to foreclose its lien, including the execution and breach of the written contract. The second cause of action is in the form of a common count for materials and services sold and furnished to defendants of the reasonable and agreed value of $12,520. The third cause of action is on an amount stated. The judgment against appellant is based upon findings that the essential allegations of the first two causes of action are true. The court found that no account was stated as to appellant.

We have concluded that the evidence supports the trial court's findings to the effect that materials and services of the reasonable value of $12,520 were furnished to, and at the instance of, both defendants, and that appellant's personal liability upon the resulting implied contract is thereby established. This conclusion renders it unnecessary for us to decide any of the other questions debated by the parties herein.

■■ It is certainly true, as appellant contends, that to justify a personal judgment against the owner in an action to foreclose a mechanic's lien, the plaintiff must show the existence of a contract, express or implied, between plaintiff and the owner. (*Golden Gate Bldg. Materials Co.* v. *Fireman*, 205 Cal. 174, 177-178 [270 P. 214] ; *Ridens* v. *Economy Home Builders, Inc.,* 104 Cal.App. 677, 678 [286 P. 481] ; 32 Cal.Jur. 2d, Mechanics' Liens, § 166, p. 801), and, of course, a deficiency judgment may be taken only against a party "personally liable." (Code Civ. Proc., § 1199.2; *Golden Gate Bldg. Materials Co.* v. *Fireman, supra.*)

■ It is elementary law that where services are rendered by one party from which another derives a benefit, a presumption of law arises from the proof thereof that the person enjoying the benefit is bound to pay what the services are reasonably worth. (*Garrie* v. *McCauley,* 163 Cal.App.2d 273, 276 [328 P.2d 1013] ; *Mendoza* v. *Gomes,* 143 Cal.App.2d 172, 174 [299 P.2d 707] ; 54 Cal.Jur.2d, Work, Labor and Materials, § 12, p. 688.) Appellant did not take the stand to testify, nor did she offer any evidence to rebut the applicable presumption.

The evidence is undisputed that the reasonable value of the services and materials furnished by plaintiff was in the amount found by the trial court. ■ In her answer, ap-

pellant admitted that she and her husband were the owners of the property upon which the work was done, and she affirmatively alleged that "on or about November 5, 1958, plaintiff undertook to render certain services and to furnish certain materials to defendants in connection with the improvement of a structure" on their said property. It appears to be implicit in this allegation that appellant had knowledge and approved of the plaintiff's undertaking to render such services and to furnish such materials to her and her husband.

The existence of the written contract was no bar to plaintiff's right to proceed upon the common count. Where a party to an express contract has fully performed and nothing remains to be performed but the payment of money due him, he may proceed upon the appropriate common count. (*Oliver* v. *Campbell,* 43 Cal.2d 298, 305 [273 P.2d 15]; *Haggerty* v. *Warner,* 115 Cal.App.2d 468, 475 [252 P.2d 373].)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1961.