ELIZABETH CHRISTMAN, *et al.*, Appellants, v. J. R. PEARSON.

**Handwriting Expert.** A person whose business for fifteen years required him frequently to make comparisons of handwritings, is competent to testify as an expert in regard thereto, though he testifies that he is not an expert, in the sense of making it his business.

**Books of Account: PAROL VARIANCE.** Books of account are not the best evidence, so as to render inadmissible oral testimony as to payments credited therein, and their application.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

FRIDAY, JANUARY 22, 1897.

THE plaintiffs are executors of the estate of John Christman, deceased, and bring suit on four notes. The defense was payment of three of the notes, and denial of the execution of the other. Trial to jury. Verdict and judgment for part of the amount claimed. Plaintiffs appeal.—*Reversed.*

*Giffen & Voris* for appellants.

*Richard A. Stuart* for appellee.

LADD, J.—The defendant, in his answer, denied the execution of one of the notes sued on. E. H. Crocker, being called as a witness, testified that he was an attorney at law, and had been for seven or eight years; that for fifteen years past his business had required him to examine handwritings a great deal, and of a great many different people; that he had frequently made comparisons, and often had made discriminations between

handwritings, to find out whether the handwriting was that of a certain person. In answer to the question whether he was an expert in judging handwriting, he said that he was not, in the sense of making it his business. He was then asked to state whether, in his opinion, the same person wrote the signature denied and those to the other notes, the execution of which was admitted. The objection that he had not shown himself competent to testify was sustained. This ruling was erroneous. It is not necessary that a witness, in order to give his opinion on comparisons of handwritings, should claim to be an expert, or that he possess the highest skill in detecting the differences or similarities in the strokes or curves of the pen. Persons in many different occupations are required to pass upon the genuineness of signatures, and, certainly, to do so frequently for a period of fifteen years by a man of intelligence would somewhat qualify him to give an opinion in making comparisons. The value of the opinion would, of course, be left to the jury. *Hyde v. Woolfolk*, 1 Iowa, 159.

II. L. B. Christman, while on the stand as a witness, testified that certain payments for which receipts were given, were paid on account, and that they balanced account. On cross-examination it appeared that the day-book contained the items referred to, and upon motion of the defendant his testimony was stricken out, on the ground that the day-book was the best evidence. Thereafter the witness was asked whether the payments were applied on the notes or on the accounts, and, on the same ground, his answer was excluded. We gather, from the abstract and arguments, that the thought of the court was that, the items having been entered in the day-book, such book would be the best evidence, and the witness could not testify from his own recollection. The introduction

of the books of account in evidence is carefully guarded by the statute. They are received as proof from necessity, and because the ordinary means of establishing numerous items, are often wanting. Their value as evidence must depend largely upon their condition, and the manner in which they were kept, and the character of the evidence laying the foundation for their introduction. Oral evidence may be introduced concerning the same transactions referred to in the books of account, and its value, as compared with that of such books, must, of course, depend upon circumstances. It was important for the plaintiffs to show, if they could, not only that the payments were not made on the notes, but to explain where they were in fact applied; and they should have been permitted to do so by oral testimony, even though the books of account may have been admissible for the same purpose.—Reversed.