[Sac. No. 580.    Department One.—May 5, 1899.]

W. A. COWDERY, Appellant, v. CLARK McCHESNEY, Executor, et cetera, Respondent.

124  363|
f135  172|

ACTION UPON OPEN ACCOUNT—VALUE OF SERVICES—PLEADING—OBJECTION TO EVIDENCE—AMENDMENT.—In an action against the executor of a deceased person to recover the balance due on a mutual, open, and current account between the plaintiff and the deceased, an itemized statement of which had been presented to the executor, upon an objection taken to evidence of the value of services of the plaintiff included in the account, upon the ground that it was not germane to any issue, for the reason that the complaint, though alleging that the work was done under an agreement to pay what the services were reasonably worth, did not allege their value, it was error not to permit the plaintiff to amend the complaint so as to state the value of the services, and to persist in excluding all evidence thereof.

ID.—EVIDENCE—PROOF OF ACCOUNT—ITEMS.—The court cannot properly require the account to be proved before allowing the plaintiff to prove the items thereof. The only way in which an account can ordinarily be proved is to establish its several items.

ID.—PRIMARY AND SECONDARY EVIDENCE—ORAL PROOF OF ITEMS—BOOKS OF ACCOUNT.—The oral testimony of persons having personal knowledge of the transactions involved in the items of an account is the best evidence of such items, if they do not result from a written contract, and is primary evidence thereof, notwithstanding the existence of books of account showing them. Such books of account are only secondary and supplemental proof of the items.

ID.—ACTION AGAINST EXECUTOR—NONPAYMENT AFTER DEATH OF DECEASED—TESTIMONY OF PLAINTIFF.—In an action upon an account with a deceased person, brought against his executor, inquiries of the plaintiff as a witness, as to whether anything had been paid to him since the death of the decedent, on account of any services rendered by him to deceased during his lifetime, if he rendered any such services, and whether, if any balance of account was due to him upon such death, such balance still remains unpaid, do not relate to matters occurring prior to the death of the deceased, and do not fall within the prohibition of section 1880 of the Code of Civil Procedure.

ID.—NONPAYMENT BY DECEASED—BOOKS OF ACCOUNT—FOUNDATION FOR INTRODUCTION.—Books of account kept by the deceased, if not containing proof of the payment of plaintiff claim, may be looked to for evidence of the negative fact of nonpayment by the deceased during his lifetime; and notwithstanding the inhibition of section 1880 of the Code of Civil Procedure, the foundation for the introduction of such account books, if kept by plaintiff for the deceased, may be laid by the testimony of the plaintiff.

Id.—Nonproduction of Books by Executor—Nonsuit—Appeal—Error not Presumed Harmless.—Where the books of the deceased were last seen in the possession of the executor, and he failed to produce them upon the order of the court, and it appeared that they could not be found, the objection of the executor as respondent, upon appeal of the plaintiff from a judgment of nonsuit, that error occurring at the trial must be presumed harmless, because nonpayment of the claim during the lifetime of the deceased was not proved, will not be entertained, in the absence of explanation under oath by the defendant as to why the books were not produced in compliance with the order of the court.

Id.—Erroneous Exclusion of Proof of Claim—Proof of Nonpayment not Required.—Where the court erroneously refused to allow the plaintiff to prove the existence of his claim, or to amend his complaint, to justify such proof, he was not required to prove nonpayment of the claim which he had failed to establish. The law does not require a vain thing.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

James A. Louttit, and Louttit & Middlecoff, for Appellant.

Budd & Thompson, John A. Percy, and Nicol & Orr, for Respondent.

GRAY, C.—This is an appeal from a judgment for defendant, and from an order denying plaintiff's motion for a new trial.

The action was brought to recover a balance due on a mutual, open and current account. A claim embodying an itemized statement of this account had been presented to defendant as executor of the last will of deceased, and by him rejected. At the conclusion of plaintiff's efforts to lay before a jury evidence in support of his claim, a motion for a nonsuit was granted by the court.

A portion of the account involved in the suit consisted in a claim for several years' labor by plaintiff for the deceased in his lifetime. In the complaint it was alleged that the deceased, at the time the plaintiff commenced working for him, agreed to pay him what his services were reasonably worth, but the complaint contained no allegation as to the value of the services. On the trial plaintiff endeavored to prove the value of these

services, but his questions to that end were objected to on the
ground, among others, that they were germane to no issue in
the case.   This objection was sustained, whereupon the plaintiff
moved the court for leave to amend the complaint so as to state
therein the value of the said services.   The motion to amend
was denied, and counsel for plaintiff again propounded questions
to establish the value of these services, but was balked by the
further objections of the defendant and the ruling of the court
sustaining the same, and the plaintiff never did succeed in get-
ting any evidence of the value of such services before the jury.
We think the action of the court was erroneous.   It was an error
not to permit the complaint to be amended so as to state the
value of the services, and this error was prejudicial to plaintiff
because the court subsequently sustained objections to evidence
sought to be.introduced as to the value of those services, on the
ground, as it was stated: "There is not the slightest issue, either
by the complaint or answer, on that matter."

In excluding evidence of the items of the account, a copy of
which was in plaintiff's claim against the estate of Kasson, and
also set out in the complaint in this action, and in ordering that
the account must be proved before the plaintiff would be per-
mitted to go into the items of it, the court erred.   The only
way an account can be proved ordinarily, is by establishing by
evidence the several items of the same, and the oral evidence of
persons having personal knowledge of the transactions is the
best evidence of the items, unless there is something to indicate
that such items accrued in pursuance of, or are the result of, a
written contract between the parties.   The fact that one or both
of the parties have kept a book account of their transactions
does not affect the rule of evidence, and the oral testimony of
eye and ear witnesses to the transactions in which the various
items of an account accrued is still primary and not secondary
evidence of such items.   The books themselves are secondary
or supplementary evidence.

Of William Cowdery, called as a witness in his own behalf,
the following question was asked and the following proceedings
had:

"Q.   Has anything been paid to you since his death on ac-

count of any services rendered by you to him during his life-time, if you rendered any such services?

"Mr. Nicol.—We object on the ground that this witness is not competent to testify in answer thereto under section 1880 of the Code of Civil Procedure, and the question is leading.

"The Court.—The objection is sustained upon the ground that the question necessarily carries with it the fact of an account existing prior to his death.

"Mr. Middlecoff.—I note an exception.

"Q. If any balance upon any account was due to you upon the death of George M. Kasson, does that balance still remain unpaid?

"Mr. Nicol.—We make the same objection.

"The court sustained the objection, to which ruling of the court plaintiff excepted."

The inquiry contained in these questions did not relate to anything that occurred before the death of deceased, and does not fall under the inhibition of section 1880 of the Code of Civil Procedure; the ruling of the court was, therefore, erroneous.

Respondent contends that if plaintiff failed to make out a case by not proving nonpayment of his claim, the judgment of nonsuit must stand, no matter whether errors were committed by the court below in other particulars, so long as these errors did not affect the admission of evidence going to the proof of nonpayment. We have already seen that one error of the court consisted in excluding evidence of nonpayment subsequent to the decease of Kasson. There seems, however, to be no evidence of nonpayment during the lifetime of Kasson. As to that period the book accounts or memoranda kept by the deceased, or under his directions, in his lifetime might well be looked to for evidence of this negative fact. It appears that there were some books kept by plaintiff for Kasson, one termed a "petit book" and the other a "ranch book." The last seen of these books, according to the sworn testimony, they were in the possession of McChesney, the defendant; and, though vigorous efforts were made to secure their production on the trial, it seems that it was impossible to find them. It may be that these books

would disclose evidence of the nonpayment of plaintiff's claim; possibly they would not. At all events, this court should not say to the plaintiff on this appeal, we will presume that the errors of the court were without prejudice to you, because you produced no evidence of nonpayment, so long as there is no explanation under oath on the part of defendant as to why the books were not produced in compliance with the order of the court. If we were to do that, it would seem that we might be permitting the defendant to take advantage of his own wrong. Notwithstanding the provisions of section 1880 of the Code of Civil Procedure, a foundation for the introduction of the account books might have been laid through the testimony of the plaintiff himself. (*Roche v. Ware*, 71 Cal. 375; 60 Am. Rep. 539.) Another sufficient answer to the position of respondent is that it would have been a vain thing for plaintiff to prove the nonpayment of his claim until he had first established the existence of such claim by competent proof. He had offered what he deemed to be competent proof to that end, presumably all the proof he had, and it had been excluded by the court. It was time, then, for him to bring his case to a cheerful conclusion; any effort to prove the nonpayment of a claim that he had failed to establish would have been an unwarranted trespass upon the time and good nature of the trial judge. The law does not require a vain thing.

For the errors herein specified we advise that the judgment and order denying a new trial be reversed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.