[L. A. No. 595.   Department Two.—December 29, 1899.]

## CHARLES W. CRUSOE, Respondent, v. J. A. CLARK, Appellant.

ASSUMPSIT FOR WORK AND LABOR—DEFENSE—JOINT VENTURE TO PROSPECT FOR MINES — EVIDENCE—VARIANCE.— In an action to recover the value of work and labor performed for the defendant as bookkeeper, salesman, and clerk, where the answer pleaded as a defense that the work and labor was done under an agreement made prior thereto between plaintiff, defendant, and a third person, to undertake a joint enterprise to prospect for mines, under which defendant and the third person were to do the

prospecting and to share equally with the plaintiff in mineral discoveries, in consideration of his services, in the absence of evidence of the agreement alleged, evidence of a subsequent agreement made after eight months' services had been rendered by the plaintiff, as to future prospecting for mines, is properly excluded, as not being within the issues presented by the pleadings.

ID.—IMPEACHMENT OF WITNESS—CONTRADICTORY STATEMENTS—IRRELEVANT MATTER.—A witness cannot be impeached by contradictory statements as to matters irrelevant to the issues; and it was not error to refuse to permit the plaintiff to be contradicted as a witness by proof that an irrelevant conversation as to future prospecting, which the plaintiff had denied, was in fact had between the plaintiff, the witness, and the defendant.

ID.—CONCLUSION OF WITNESS — UNDERSTANDING OF OTHERS — EXPECTATION OF PLAINTIFF.—Questions asked, calling, not for facts, but for the conclusion of the defendant as a witness, as to what the plaintiff and a third person understood, in reference to the interest of the plaintiff in a prospecting venture, and as to whether the plaintiff expected wages from the defendant, were properly disallowed.

ID.—DISBURSEMENTS IN PROSPECTING VENTURE—PLEADING.—The amount of disbursements made by the defendant in the prospecting venture, in reference to which the pleadings were silent, and upon which there was no issue, is immaterial and not admissible in evidence.

ID.—VALUE OF PLAINTIFF'S SERVICES—QUALIFICATIONS OF WITNESSES.—Witnesses residing in the county in which the services were rendered by plaintiff, though at a distance from the place where they were rendered, who were in court and heard the evidence of the plaintiff, and who were business men of experience and had employed other persons for like services, and who testified that they knew the value of such work in the county, are qualified to testify to the value of the plaintiff's services.

ID.—BOOKS KEPT BY PLAINTIFF—EVIDENCE FOR DEFENDANT.—The books kept by the plaintiff are admissible in evidence for the defendant upon the issue as to the value of the plaintiff's services, and as tending to explain the nature and extent of his work; and also to prove the amount of monthly sales, oral proof of which by defendant was objected to by plaintiff on the ground that the books were the best evidence. Defendant may also, upon the issue as to the value of plaintiff's services, show by another bookkeeper who has examined such books that they were not complicated, but a simple set of books to keep, and could be kept by any person of ordinary skill in bookkeeping.

ID.—ERROR WITHOUT PREJUDICE—INSUFFICIENT RECORD.—The error in rejecting the books and the evidence relating thereto must be deemed without prejudice, where the record does not show anything about their contents or materiality, or disclose anything

to enable the appellate court to determine whether the error of the superior court was or was not prejudicial.

ID.—INSTRUCTION AS TO BASIS OF VALUE OF SERVICES—PLACE OF EMPLOYMENT—COMPARISON OF WAGES AT OTHER PLACES.—It is not ground for reversal to refuse a requested instruction limiting the consideration of the jury to evidence of the rate of wages generally paid at the particular place of employment in the county, and telling them that the value of services cannot be based in any degree upon wages for like services elsewhere in the county, without first showing that the rate was the same. A comparison may be made even if the wages elsewhere in the county were not the same, which would in some degree tend to show the value of the services at the place where performed.

APPEAL from a judgment of the Superior Court of Kern County and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion.

A. J. Bledsoe, and C. E. Arnold, for Appellant.

S. N. Reed, for Respondent.

CHIPMAN, C.—Action for work and labor as bookkeeper, salesman, and clerk. Defendant denied any indebtedness, pleaded certain counterclaims, and set up an agreement whereby plaintiff, defendant, and one Shurley entered into a joint enterprise to prospect for mines, in the accomplishment of which plaintiff was to take charge of defendant's mercantile business as clerk, bookkeeper, and salesman without pay, and defendant and Shurley were to do the prospecting and share equally with plaintiff in any mineral discoveries. The cause was tried by a jury and plaintiff had a verdict for five hundred and sixty-four dollars and twenty-three cents. Defendant appeals from the judgment and from an order denying new trial.

Certain errors in rejecting the testimony of the witness Shurley are claimed. Some testimony had been given by defendant in support of the agreement pleaded in defense. The alleged agreement was oral, and it was alleged that it was entered into about October 1, 1896. There was no evidence that the three parties to the agreement had met and come to any mutual understanding as to its terms, but it was claimed by defendant that they met in June, 1897, and confirmed the contract.

Plaintiff's services were alleged to have been performed between October 21, 1896, and December 15, 1897. Defendant testified that Shurley went with plaintiff and defendant from Bakersfield to Mojave, but that he, defendant, did not introduce Shurley to plaintiff; that Shurley stayed at Mojave about two weeks; was in ill health and returned to Bakersfield, and returned to the desert about June 20, 1897. Shurley was called as a witness for defendant and was asked a number of questions as to what was said at a meeting between the three in June, 1897, "referring to certain prospecting that was to be in contemplation by you and Mr. Clark out on the desert"; he was asked if he had any conversation with plaintiff and defendant "with regard to prospecting for minerals in that country," and to state the conversations. Several questions were asked him by defendant's counsel, all of which related to the understanding after he returned to the desert. The court properly, we think, sustained the objection made by plaintiff. The agreement pleaded was alleged to have been entered into October 1, 1896; there was no agreement pleaded such as Shurley was asked to testify about, and the testimony was therefore not within the issues presented. It did not tend to corroborate defendant's testimony that the agreement took effect October 1, 1896. For like reason it was not error to refuse a question asked Shurley for the purpose of contradicting plaintiff, who had denied a conversation with defendant and Shurley "referring to certain prospecting that was to be." A witness cannot be impeached by contradictory statements as to matters irrelevant to the issues. It was not error to refuse the question put to defendant Clark as a witness, "Did Mr. Shurley and Mr. Crusoe understand that Crusoe, Shurley, and yourself were interested in the matter?" and the question: "State whether or not Mr. Crusoe expected any wages from you when he went out there." Clearly, these were questions calling not for facts, but for the conclusion of the witness and were inadmissible. It was immaterial how much defendant paid out for expenses in the prospecting venture; there was no issue involving such disbursements. It is objected that the testimony of witnesses Parks and Munzer as to the value of plaintiff's services was improperly admitted, because they resided at Bakersfield and admitted that they did not

know what the wages for like services were at Garlock or Mojave, where they were rendered, which were places situated in Kern county remote from Bakersfield. These witnesses were present in court and heard plaintiff describe the nature and extent of his services; they were business men of experience and had employed persons for services similar to those performed by plaintiff; they testified that they knew the value of such work in Kern county. We think they fully qualified themselves to testify upon the point at issue.

Defendant offered in evidence the books kept by plaintiff, to show the character and amount of bookkeeping done by plaintiff and the extent of defendant's business. I think this evidence was admissible upon the issue as to the value of the plaintiff's services. It tended to explain the nature and extent of his work. The court had refused to allow defendant to prove the amount of the monthly sales on the ground that the books were there and were the best evidence, but when they were offered refused to admit them. This was error. The court also refused to allow the witness Broadwell, who was himself a bookkeeper, to testify from an examination of the books that they were not complicated, but a simple set of books to keep, and that anyone of ordinary skill in bookkeeping could keep them. We think this evidence was also admissible, as bearing upon the question of the value of plaintiff's services. It does not, however, appear from any statement of counsel, or otherwise, what the books would have shown, or that their introduction would have furnished evidence material to appellant. It appeared from the offer of Broadwell's testimony that he had examined the books. He testified to the value of plaintiff's services, we must presume, at least in part from this examination. The jury got the benefit, to some extent, in that way, of the rejected evidence. While we think the books ought to have been admitted, and that this witness ought, as an expert bookkeeper, to have been permitted to testify as it was claimed he would, still nothing is shown to enable us to say whether or not the error was prejudicial.

Defendant asked and was refused the following instructions: "That the rule for determining the value of services, in the absence of an express contract therefor, is to ascertain from the

evidence the character and kind of work performed, and the rate of wages generally paid in the same neighborhood for the same kind of work"; and that the value of the services must be ascertained "from the testimony as to the ruling rate of wages for similar services paid at" the place of the service (Garlock and Mojave), and that the estimate of value cannot be based upon the estimate of the value of such services in any degree upon testimony of the rate of wages paid at Bakersfield or elsewhere, "unless it is first shown to your satisfaction that the rate of wages at both places was the same." The value of the services of one who is a bookkeeper, clerk, and salesman and has the care and management of the business in the absence of his employer, as was the case here, can hardly be determined alone by the rate of wages generally paid for salesmen or clerks. The value of the services would depend much upon the man himself, as to his capacity and fidelity, as well as upon the customary wages paid for this class of work. While the customary wages might be a criterion, it would not be the only one, as the instruction implies. The services in their nature involve trust and confidence, peculiar fitness as a salesman, skill as an accountant, knowledge of the business, and capacity to manage it. There can hardly be a "ruling rate of wages" for employment of this character applicable alike to all persons who might be employed. Nor do we think it was error to refuse to instruct the jury that the value of the services could not "in any degree" be based upon the wages for like services elsewhere in the county "unless it was shown that the rate of wages elsewhere in the county was the same." A comparison might be made, even if the wages elsewhere were not the same, which would in some degree tend to show the value of the services at the place where performed. In the present case, plaintiff first showed the character and extent of his services, and then proved their value by witnesses who showed by their answers that they were qualified to speak as to the value of the services at the place where performed, and testified that they knew the value and what it was. There was evidence also as to what wages were generally paid for such services, and it is to this latter defendant sought to confine the evidence. We do not think it was prejudicial error to refuse the instructions.

Defendant contends that the evidence was insufficient to sustain the verdict.  Upon this point it is enough to say that the evidence was conflicting, that there was sufficient to support the verdict, and that it was for the jury alone to pass upon the credibility of the witnesses.

The judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.