**ANTRIM LBR. CO. v. SNELL et al.**

No. 22891.   Sept. 25, 1934.

Rehearing Denied Oct. 23, 1934.

McKeever, Elam, Stewart & McKeever, for plaintiff in error.

Massingale, Duff & Bailey, for defendants in error.

PER CURIAM. At the opening of the trial, counsel for the parties stipulated in open court the existence of the plaintiff as a corporation, and that it was authorized to do business in the state of Oklahoma; and that exhibit 1 attached to the petition is a correct copy of the lien statement filed in the office of the court clerk, and that notice of the filing of said lien statement was served upon Snell, as alleged in the petition; and that Snell was at all times owner of the property upon which foreclosure was desired; and that Snell had entered into a contract with Dykes by terms of which Dykes was to furnish labor and material for the agreed price of $6,487; and that the itemized statement of the account sued on by plaintiff is a correct statement of the items of merchandise sold by plaintiff to Dykes for the construction of the building; and that the dates thereon shown are correct.

This left the only issue in the case the question of payment as set out by Snell in his answer, and perhaps inferentially pleaded by defendant Dykes. At least, we shall take and treat that as the only issue, as it was treated by court and counsel at the trial. Notwithstanding the situation and condition of the record, plaintiff assumed the burden of the issues and introduced evidence to prove the correctness of the account as shown by the lien statement, which, it will be remembered, showed an indebtedness of $3,448.20, with credits of $3.30 and $422, this last by check of June 21, 1929. The evidence upon this subject, however, was directed to the correctness of the lien statement showing the debits and credits as above set forth. There was also a credit

shown on this lien statement, January 18, 1929, of an item of $2,000.

Much of the evidence in the case is directed to the time when this credit was given and why the entry was not made at the time the payment was made, but, as we view the record, after a careful examination, the defendants claim credit for the $2,000; and the plaintiff conceded that the item should be credited, so that the evidence with reference to the item was not more than formally material, for the defendant had the burden of proving payment under the pleadings, and plaintiff gave credit for this item and proved by its bookkeeper that the item was correct and correctly credited. And what we say with reference to this item is also true of the item of credit for $422.

The real crux of the case was the contention of defendants that Dykes had made a payment of $1,000 for which no credit appeared on the lien statement, and the evidence upon this question was conflicting and such that neither the court below nor this court would be justified in interfering with the verdict of the jury.

1. The first contention of plaintiff in error is that the court erred in receiving in evidence the check for $422 given by Snell to Dykes, and which Dykes indorsed and turned in to plaintiff, and for which plaintiff had given credit, said check bearing the indorsement, "Payment in full on contract on warehouse."

There was evidence that the check did not contain such indorsement at the time it was received by the plaintiff, and there is much evidence that it did contain such indorsement, but whether it did contain such indorsement or not is immaterial, for plaintiff's reply had put in issue the entire matter of payment of the account, and defendants had a right to prove that payment by any competent evidence, and this check was competent for that purpose. It was not sufficient to accomplish the purpose of showing that plaintiff received it in full satisfaction of its claim, but if plaintiff desired to limit the force of the instrument as evidence of any fact, it could easily have accomplished that result by requesting the court to so instruct the jury.

Plaintiff complains that the jury was misled by the check into deciding that defendant Dykes had paid plaintiff, Antrim Lumber Company, in full. This court cannot surmise nor conjecture as to a jury being misled, and as to its having been influenced, into making a mistake, nor was it the province of the court below to make such conjecture, but if evidence is competent, relevant, and material, when proffered by a party, the remedy of the opposing party is a request to the court to limit the purposes for which the evidence can be considered, and, in the absence of such request, the jury is not subject to having its decision inquired into on conjecture or supposition. Much evidence was introduced with reference to this check for $422, but as it was competent in proof under the pleadings, which left the burden upon defendants to prove payment of the entire amount, it would have been error to have excluded it.

As to some of the evidence concerning conversations between Snell and the plaintiff's representative, in which, however, Snell failed to testify to anything prejudicial to plaintiff, and evidently failed to testify to such facts as would constitute an estoppel of plaintiff in requesting Snell to settle with Dykes, if plaintiff had fears that the jury would be misled into believing that it was estopped to claim against Snell by reason of having asked Snell to settle with Dykes, then it should have asked that the evidence of such requests be stricken out as being insufficient to prove an estoppel, or should have requested an instruction to the jury that the facts in evidence would not constitute an estoppel. Prima facie, the evidence elicited was competent and material if properly supplemented to establish that fact, though insufficient for that purpose, and the objections to its introduction were properly overruled.

2. Plaintiff in error contends that the court erred in refusing to permit its witness to testify concerning the entry of a $2,000 credit, and in striking out certain evidence given with reference thereto. The defendants claimed the $2,000 credit, and the plaintiff gave the $2,000 credit, and the evidence offered went only to the effect that the $2,000 item had been erroneously originally credited to another account with the defendant Dykes, but that upon examination it was found that it should be entered upon this account of Snell and Dykes, and it was so entered. There was, therefore, no contest in fact between the parties that the entry and credit was a proper one on this account. The rejection of this evidence, therefore, although rejected for an improper reason, was not prejudicial to plaintiff.

We say the evidence was rejected for an improper reason because the evidence offered was for the purpose of explaining the $2,000 entry, and the objection was "that the books

are the best evidence." The books of account of a party are the best evidence only when the question is, "What do the books contain?" They are not the best evidence as to any transaction inter partes whether shown by the books or not, and either party may explain, contradict, or supplement the account as shown by the books by oral or other competent evidence. Keene v. Meade, 3 Pet. 1, 7 L. Ed. 581; Cowdery v. Macchesney, 124 Cal. 363, 57 P. 221; Christman v. Pearson, 100 Iowa, 634, 69 N. W. 1055.

3. The plaintiff also complains of error in the court in giving an instruction with reference to the item of $1,000 claimed to have been paid to plaintiff and evidenced by a check for that amount. The court instructed the jury that it was the duty of the plaintiff to apply said amount as directed by Dykes, and that if they found that Dykes had directed the application of that check to this account, then plaintiff could not recover said amount against defendants in this action. There is no error in this instruction, which added that unless the jury found that Dykes had instructed plaintiff to apply the amount of the check to the Snell account, then it would be the duty of the jury to return a "verdict for the plaintiff and against the defendant for such sums as you find from the evidence is due the plaintiff, if any."

Plaintiff says that instruction gave the jury reason to believe that the amount in controversy was only $1,000, but we do not find any such meaning in the instruction.

4. Plaintiff complains of error in overruling its motion for a new trial. Under this heading the plaintiff, to support its contention, cites and refers this court to 49 different pages of the record, without specifying or setting out in any manner in what way these pages support its contention, and without setting out any of the substance of the evidence on those pages. This is by no means fair to this court; and we do not hestitate to say that it is a duty of a party to set out in its brief at least the substance of the evidence which it claims supports its contention. Nevertheless, we have examined the entire record, and we are unable to find anything in the evidence to support its contention, or to formulate any theory upon which this court would be justified in reversing this cause.

As to the proposition suggested by plaintiff in error that the defendants only showed by their testimony the payment of this $1,000 by check, for which credit had not been given upon the lien statement, and that therefore there was at least a balance of $22.90, we have only to say that there appears in the case-made a photostatic copy of page 280 of plaintiff's ledger, which shows a debit of $3,448.20, with credits of $3.30, $422, $2,000, and $1,023.65, making a total of $3,448.95, which amount is more than the debit, and therefore there is evidence that the entire amount, including the $22.90, has been paid, and the jury so found.

Not finding any error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys A. J. Biddison, Russell G. Lowe, and Hunter L. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. A. J. Biddison, and approved by Mr. Russell G. Lowe and Mr. Hunter L. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.