[Civ. No. 16836.   Second Dist., Div. Three.   Sept. 19, 1949.]

J. W. WEBB, Respondent, v. JOHN SERABIAN, Appellant.

Astor Elmassian for Appellant.

James C. Webb for Respondent.

SHINN, P. J.—Defendant appeals from a judgment in favor of plaintiff in the sum of $2,416. The complaint set forth three separate causes of action of this amount on *quantum meruit*, account stated, and open account. Defendant's "answer and counterclaim" alleged that on February 10, 1947, plaintiff orally agreed to remove a two store wooden building from one location to another on defendant's premises; and that after the building had been moved plaintiff orally agreed to partition and remodel the building into four stores. It was further alleged that the total contract price for both agreements was $5,500, that defendant had paid to plaintiff on account of said contract price the sum of $2,972.03 and had paid $2,171.98 to subcontractors for materials and labor furnished, and that defendant owed plaintiff only $355.99 which amount defendant offered to pay. Upon demand by defendant a bill of particulars was provided by the plaintiff. It set forth, first, certain "items paid by John Serabian" for electrical work, plumbing, glass, painting and cement work in varying amounts totaling $2,350. Secondly, it listed some 18 "items paid by J. W. Webb, for materials and labor totaling $3,098.73. Pursuant to a statement in the bill of particulars that "this repair job was undertaken by plaintiff, J. W. Webb, by oral contract on the basis of cost plus fifteen (15%) per cent," 15 per cent of the foregoing totals was added to the total of the items paid by J. W. Webb, making a "grand total" of $3,916. Payment of $1,500 to plaintiff in three equal payments on March 15th, April 1st, and April 21st, was credited upon the grand total, resulting in an alleged "balance due" plaintiff of $2,416.03.

The court found that plaintiff orally agreed to move defendant's building and convert it into four stores and that defendant orally agreed to pay the cost of all materials and labor, and in addition thereto, 15 per cent of such cost; defendant had paid $2,972.03 to plaintiff, and $2,171.98 to various third persons, for labor and materials furnished; and plaintiff had furnished defendant with labor, materials, and contractor's services in the amount of $2,416 over and above any payments,

setoffs, claims or credits belonging or available to defendant. Judgment was thereupon rendered in favor of plaintiff for $2,416.

Upon the appeal defendant contends that the findings as to payments made by him are inconsistent with the finding that $2,416 is still due and owing to plaintiff, that the evidence does not support the findings, and that the court committed error in the admission of certain evidence. The claims of error are nebulous and unfounded. No grounds for reversal appear.

The findings that defendant paid the sums of $2,972.03 and $2,171.98 are supported by cancelled checks submitted in evidence by defendant. Defendant makes no contention that any payments other than those evidenced by his cancelled checks were made at any time. ■ The claimed inconsistency in the findings arises from the fact that the amounts found to have been paid to plaintiff and the amount found to have been paid by defendant to third parties for labor and materials, differ from the amounts stated in the bill of particulars. Defendant argues that, in view of these discrepancies between the court's findings and the bill of particulars, the ultimate finding that $2,416 was still due, as claimed in the bill of particulars, is inconsistent and erroneous. However, viewing the findings and the bill of particulars in the light of the evidence, and keeping in mind the finding, which appellant concedes to be supported by the evidence, that the contract was on a cost plus 15 per cent basis, there appears to be no inconsistency. The alleged material variance between the items of the bill of particulars and the corresponding sums specified in the findings is explained by the fact that the findings relate to the two contracts whereas the bill of particulars was founded only upon the agreement to remodel the building. Plaintiff testified a settlement had been made for moving the building and that his bill of particulars itemized only the cost of remodeling and conversion work after the building had been moved and set on its foundations. The credits given on account of this work plus defendant's payments on the moving job amounted to the total stated in the findings.

Manifestly, the controlling question is whether the findings as to the amounts paid by plaintiff, and the findings that $2,416 is still due and owing from defendant, find support in the evidence. With respect to his costs incurred in the remodeling operation, plaintiff undertook to prove the correctness of the items in the bill of particulars listed as having been paid by him, totaling $3,098.73. This task was simplified by defend-

ant's admission that all but four of these charges were correct. Issue was taken only in respect to the following charges totaling $1,996: $720 for "concrete floor"; $225 for "plastering front"; $751 for "carpentry labor"; and $300 for "carpentry labor, finish work." The record contains ample evidence, consisting of the testimony of plaintiff, to verify these charges.

The testimony of both parties showed an understanding on their part that each was free to obtain bids for subcontract work in the remodeling operations, and that whichever bid was most favorable would be accepted. Accordingly, several subcontracts were entered into directly by defendant and paid by him. His payments to such subcontractors and other suppliers of material and labor, including a $250 payment made through plaintiff, amounted to $2,421.98. This amount, as we shall see, fits into the findings and judgment.

■ Defendant urges, however, that "the court erred in admitting the bill of particulars as evidence over appellant's objection without the production of the books of account, records or evidence of payments of the items objected to by appellant." Although a careful search of the record discloses that the bill of particulars was not offered or received in evidence it was to be considered as a supplement to the complaint. It is affirmatively shown that plaintiff's books and records, such as they were, were produced at the trial and examined, in part at least, by defense counsel. Plaintiff was not required to introduce those records into evidence. (Code Civ. Proc., § 1939.)

Insofar as defendant's assignment of error may be construed to mean that these four items could be proven only by introducing into evidence plaintiff's books and records, it is clearly without merit. The law has long recognized the oral testimony of witnesses with personal knowledge of the transactions involved to be competent evidence of the items of an open account not arising out of a written contract. (*Cowdery* v. *McChesney,* 124 Cal. 363, 365 [57 P. 221].) Here, the testimony of plaintiff, purportedly based upon personal knowledge and memoranda supplied the proof of the only items in dispute. Defendant has failed to point out, and we have not discerned, any error in the admission of evidence.

■ The following calculations, based on the evidence as discussed above, disclose the judgment to be fully supported by substantial evidence: (1) defendant paid solely on account of remodeling and conversion work after the building had

been moved, the sum of $2,421.98 to third persons and the sum of $1,500 to plaintiff, or a total of $3,921.98; (2) the cost of remodeling and conversion work after the building had been moved consisted of $2,421.98 for labor and materials, paid by defendant, plus $3,098.73 for labor and materials paid by plaintiff, or a total of $5,520.71; (3) to the last stated figure should be added 15 per cent of $3,098.73, or $464.80, plus 15 per cent of $2,350 (this being the amount claimed in plaintiff's bill of particulars as having been the share of the cost paid by defendant, although the evidence shows the correct figure to be $2,421.98—the discrepancy obviously being favorable to defendant), or $352.50, thereby obtaining a total of $6,338.01 attributable to cost; (4) by subtracting the total of defendant's payments ($3,921.98) from the total cost ($6,338.01), the balance due to plaintiff is found to be $2,416.03. The findings are clearly consistent with these conclusions.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.