[Civ. No. 9682.   Third Dist.   Nov. 30, 1959.]

SAM GREENBERG, Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc., Appellant.

C. Ray Robinson, W. E. Craven and William J. Adams for Appellant.

Griswold & Barrett for Respondent.

VAN DYKE, P. J.—This is an appeal from a money judgment rendered in an action upon a rejected claim against an estate for services rendered, appellant being the executor of the will of the decedent.

By a pretrial order the issues tendered by the pleadings and remaining in dispute were the following: Whether or not services were rendered to the decedent; whether or not the decedent agreed to compensate the plaintiff therefor; what was the reasonable value of the services; what part of the plaintiff's cause of action, if any, was barred by the statute of limitations; whether the agreement was void under the statute of frauds; whether or not the plaintiff was guilty of laches.

The court found that plaintiff had rendered services to the decedent for more than two years prior to decedent's death; that the services consisted of feeding and caring for cats on decedent's property in Merced, California; that the services were performed at the request of the decedent and decedent impliedly promised to pay plaintiff the reasonable value thereof; that plaintiff had spent two hours per day, seven days per week during a three and one-half year period preceding decedent's death, performing such services for him; that said services were reasonably worth the sum of 75 cents per hour; that plaintiff had not been guilty of laches; that the implied contract was not barred by the statute of frauds as being one which by its terms could not be performed within one year from the making thereof; that plaintiff's recovery must be limited to a period of two years prior to decedent's death. Based upon the foregoing, the court entered judgment for plaintiff in the sum of $1,095, and from that judgment this appeal is taken.

[■■] In support of its appeal the appellant contends that the evidence was insufficient to support the finding that plaintiff's services were rendered to decedent at his request, or the finding of an implied promise to pay, or that plaintiff rendered any services to decedent, or that the services if rendered were reasonably worth 75 cents per hour. We find the evidence sufficient to support the challenged findings. It appears that plaintiff's services consisted of feeding cats for decedent; that

decedent was very fond of cats and for years prior to his death had been accustomed, on his property in Merced, to feed a large number of cats, most of which were strays. Their number varied from 19 to 35 at a time. Neighbors who lived close to the lot on which the cats were fed testified to the daily work done by respondent in feeding the cats from substantial supplies of cat food furnished and stored by decedent, and that respondent, in addition to putting out the food for the cats as a daily chore, also kept the feeding pans cleaned. Decedent was frequently about the property and participated to considerable extent in the cat-feeding operation, although stating to neighbors in conversation that he depended in the main upon respondent to see that the cats were fed and that their feeding pans were cleaned. The feeding of all cats which might come to partake of the decedent's hospitality seems to have been something which decedent wanted done and which required, if done as he wanted, that some person, either himself or another, should appear on the property daily at feeding time to make the food available to the cats and to clean up after them. There was ample testimony that this chore was done steadily by respondent.

"...'When services are rendered by one person, from which another derives a benefit, although there is no express contract or agreement to pay for the services, there is a "presumption of law" which arises from the proof of services rendered, that the person enjoying the benefit of the same is bound to pay what they are reasonably worth.' " (*Lloyd* v. *Kleefisch*, 48 Cal.App.2d 408, 412 [120 P.2d 97].)

No witness expressed an opinion as to the value of services which respondent was shown to have rendered to decedent, but that was unnecessary for "when all the facts and circumstances are placed . . . before the court . . . the court . . . may fix the value without the aid of expert testimony." (*Nylund* v. *Madsen*, 94 Cal.App. 441, 448 [271 P. 374].)

Finally, appellant contends that there is in the record no proof that respondent had not been paid for the services he rendered. A sufficient answer to this contention is that the pretrial order did not state this to be an issue in dispute. (*Dell'Orto* v. *Dell'Orto*, 166 Cal.App.2d 825 [334 P.2d 97].)

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.