[Civ. No. 18660. First Dist., Div. One. Apr. 27, 1961.]

TEKLA K. BURGERMEISTER, Respondent, v. WELLS
FARGO BANK AND UNION TRUST COMPANY, as
Special Administrator, etc., Appellant.

Walter K. Olds for Appellant.

George De Lew for Respondent.

BRAY, P. J.—Defendant appeals from a judgment of $10,000 in favor of plaintiff.

### QUESTIONS PRESENTED

1. Is there evidence of an agreement prior to 1947?
2. Did the form of the claim bar recovery on *quantum meruit?*
3. Were plaintiff's services continuously performed?
4. Was the reasonable value of the services properly determined?
5. Alleged error in permitting plaintiff to testify as to events prior to decedent's death.

### RECORD

Plaintiff, a registered nurse, sued the estate of Elizabeth Petzold, of which the Wells Fargo Bank and Union Trust Company was special administrator, for services rendered decedent, who died November 16, 1953. Plaintiff alleged that about November 1, 1929, decedent and plaintiff entered into an agreement by which plaintiff was to perform services for decedent as a nurse when called upon by decedent, and in return decedent would suitably reimburse plaintiff for such services; that plaintiff rendered such services at various times during each of the years 1929 to and including 1952; that decedent made no provision for plaintiff in her will, or otherwise, and that the reasonable value of plaintiff's services is

$10,000. Plaintiff filed in the estate a claim for $10,000 for nursing services and personal care "as per agreement that decedent would make such provision in her Will for services performed by this Claimant."

The court found that "prior to the year 1933," such an oral agreement was made in which for such services decedent would in her will bequeath plaintiff $10,000, that the agreement was confirmed by decedent on numerous occasions thereafter, that plaintiff did render such services as alleged, that the reasonable value thereof was $10,000, and that such services were rendered at the special instance and request of decedent. Plaintiff was awarded judgment for $10,000.

1. *Agreement prior to 1947.*

Defendant does not question the sufficiency of the evidence as to the making of such agreement in 1947 or thereafter or the rendering of services by plaintiff, but does claim that there is no evidence to show that such agreement was entered into prior to 1947. As plaintiff points out, a case upon an oral agreement to compensate by last will for services to be performed may be established either upon the theory of quasi-specific performance of the agreement or upon *quantum meruit.* Under the former, the contract must be proved with some degree of certainty. In the latter, the law implies an agreement to compensate for services rendered and bases recovery upon the reasonable value of the services. Here, recovery is not on the contract but on the promise the law implies.

In *Leoni* v. *Delany,* 83 Cal.App.2d 303 [188 P.2d 765, 189 P.2d 517], the court stated: " 'It is the settled law of this state that when continuous personal services are performed under an express agreement for compensation upon termination thereof, which agreement is unenforceable because not in writing (Code Civ. Proc., § [1973]; Civ. Code, § [1624]), the reasonable value of services may be recovered and that the statute of limitations does not commence to run until the termination of services, which in such cases, is usually upon the death of the promisor. [Citations.]' " (P. 307.)

In *Toney* v. *Security First Nat. Bank,* 108 Cal.App. 2d 161 [238 P.2d 645], the court, in discussing recovery in *quantum meruit,* stated: "In an action of this character to recover for services rendered, the vital elements of the cause of action are: the services performed, an oral promise to com-

pensate by will, the failure to perform the promise, the reasonable value of the services, and failure to pay.'' (P. 167.)

■ While the evidence concerning the date when the agreement was made is a bit uncertain,* there was evidence from which a reasonable inference could be drawn that it was about the time of the first services rendered by plaintiff. Thus, witness Cantel testified that she met decedent about Christmas 1932, that she met plaintiff at decedent's house less than a month thereafter, and plaintiff was then rendering service to decedent. ''[D]uring the course of . . . [her] visits'' to decedent the latter told the witness that she had not been able to pay plaintiff and had made arrangements in a will to leave her $10,000 after her death, and showed the witness the will. It was approximately the year 1943 that decedent showed her the will. On cross-examination concerning the agreement, defendant asked whether decedent stated whether she had paid plaintiff anything. The witness replied, ''I don't believe she ever paid her anything. *I think it was an understanding from the beginning* that she was not able to pay her; that she was to leave this money to her in lieu of a salary.'' (Emphasis added.)

Witness Beaber testified that in 1947 decedent showed her a paragraph in a legal document which decedent said was a will, and stated that decedent and plaintiff had an agreement that plaintiff was to take care of her for life for $10,000.

The date of the agreement would be significant only to show that the services rendered by plaintiff at any particular time were not to be paid for until death; otherwise the statute of limitations would begin to run from the date of each service rendered. The evidence here was sufficient to support the court's finding that the agreement was entered into prior to 1933.

The parties were not related to each other; hence there is no presumption that plaintiff was not to be paid for the services rendered. Witnesses Cantel, Beaber and Curtis gave considerable detail of the services rendered. Plaintiff sought to recover $10,000 (although the bill of particulars claimed $13,401.25). The court allowed $10,000 which was the amount decedent had stated she considered plaintiff's services to be worth.

---

*Plaintiff was unable to testify because of the ''dead man's statute.'' (Code Civ. Proc., § 1880, subd. 3.)

### 2. *Form of claim.*

The claim presented to the estate was for $10,000 "for nursing services and personal care, as per agreement that decedent would make such provision in her Will for services performed by this Claimant."

Defendant contends that because of this form of claim plaintiff cannot recover on *quantum meruit,* the gravamen of her complaint, and the determination of the court. While there are authorities which seem to hold that a claim on an express contract does not support an action on a *quantum meruit,* there are others which seem to set forth the better rule and which we prefer to follow in this case.

In *Toney* v. *Security First Nat. Bank, supra,* 108 Cal. App.2d at page 165, the court said: " 'And as stated by the court in *Lundberg* v. *Katz* (1941), 44 Cal.App.2d 38, 42 [111 P.2d 917], in upholding a recovery upon *quantum meruit* although the claim asked compensation in an assertedly agreed sum, "if the cause of action is substantially based upon the claim, and the estate has not been placed in a position of disadvantage as by lack of opportunity without additional expense, to pay or compromise the claim, the action may be maintained. The strict rule . . . that a claimant may recover only when the cause of action specifically follows the claim, has been modified." [Citations.]' "

In *Lundberg* v. *Katz,* 44 Cal.App.2d 38, 44 [111 P.2d 917], it is stated, "The only objection to the . . . claim is that there is an absence of averment of the reasonable value of the services. If any request for clarification had been made by the executor as to the form of the claim it could have been amended."

The strict rule of the older cases referred to by defendant was modified in the case of *Tabata* v. *Murane,* 24 Cal.2d 221 [148 P.2d 605], which adopted the above-quoted rule of *Lundberg* v. *Katz, supra,* and added: " 'Without discussing these in detail, it may be said that there is no necessity that a creditor's claim be drafted with precision and completeness of a pleading. The only requirement is that it state such facts as will apprise the executor or administrator of the amount of the demand. . . . If any uncertainty remained, it was incumbent upon the executor to call for clarification. . . .' " (Pp. 230-231.)

Here, after the action was commenced the defendant made a demand for a bill of particulars, which was promptly

forthcoming, and which gave it all the information it needed. (See also *Johns* v. *Coleman,* 176 Cal.App.2d 778 [1 Cal.Rptr. 784].)

The court here properly held that *quantum meruit* applied.

3. *Continuity of performance.*

In 1950 no services appear to have been rendered, as no services are listed for that year in the bill of particulars. However, the witness Cantel testified that decedent broke her hip about Christmas in 1949, and was in bed at home for about a month, and that plaintiff rendered services during that time. This shows services rendered in 1950. The agreement was that plaintiff would be on call for services whenever decedent needed her. The fact, if it were one, that a year passed without any service rendered would not in itself constitute such a break in the continuity of service as to start the statute of limitations running before decedent's death. The court found plaintiff did render services as often as requested by decedent. ''The evidence on the continuity of the services is sufficient to establish that the services were continuous in nature and to support the implied finding of the . . . [court] that the cause of action is not barred by the statute of limitations.'' (*Mitchell* v. *Towne,* 31 Cal.App.2d 259, 263 [87 P.2d 908].)

4. *Reasonable value of services.*

The witness Beaber testified to the reasonable value of nursing services. But she stated that she had no knowledge of American rates before 1945, because she was not in the United States prior thereto. That appears to be the only direct evidence on the subject. However, the court could and did determine the reasonable value of the services without the help of expert testimony, as the details of the services were before it and the usual charges for nursing are generally well known.

The general rule on this subject is that when the services rendered are sufficiently shown and the services are of a class the value of which is common knowledge, the trier of facts may fix the reasonable value of such services. (*Williams* v. *McHugh,* 121 Cal.App.2d 116, 119 [262 P.2d 608].)

The evidence upon which the court based its conclusion is as follows: The services lasted over a period of 20 years, from 1932 to and including 1952. Plaintiff was on call at any time, day or night. The services were sufficient that decedent did not feel she needed to go to a sanitarium. From

time to time she was bedridden. The services were for decedent's life. Decedent was an alcoholic. She would need services at least once a week for alcoholism. Decedent stated that $10,000 was a reasonable sum. The services performed were nursing services. Decedent broke her ankle in 1952. She broke her hip in 1949, was bedridden, and plaintiff was in constant attendance. She dislocated her shoulder in 1943. She broke her right arm in 1934-1936. Plaintiff was seen by the witness Cantel giving general nursing services at decedent's home at least every other week between 1932 and death, and giving decedent general nursing attention. Often she had been there for from several days to a week or so. Decedent was about 73 years of age when she died.

It readily appears that the court had ample evidence upon which to base its finding that the value of the services rendered was and is the sum of $10,000 and, under familiar rules, such finding should not be disturbed on appeal.

The court sitting without a jury is well within its province in arriving at an evaluation of the services rendered, especially so when the decedent expressed herself on more than one occasion as stating that plaintiff "had certainly earned her money."

In addition, the contract between the decedent and plaintiff (the overwhelming weight of the evidence points to the existence of the contract, and indeed defendant's opening brief does not deny its existence) established the amount agreed to be paid for plaintiff's services, and this alone is sufficient evidence upon which the court can base its finding upon the reasonable value of the services.

In the case of *Nylund* v. *Madsen,* 94 Cal.App. 441 [271 P. 374], a nurse brought the action to recover the reasonable value of her services for attending the decedent, no evidence of the value of her services being introduced. The court stated: "As we have stated, the only point urged for reversal in this particular is that no witness went on the stand and stated his opinion as to the value of the services. It is urged upon the authority of *Cowdery* v. *McChesney,* 124 Cal. 363 [57 P. 221]; *Crusoe* v. *Clark,* 127 Cal. 341 [59 P. 700]; *Laiblin* v. *San Joaquin Agricultural Corp.,* 60 Cal.App. 516 [213 P. 529], that such testimony is necessary. The cited cases, however, do not so hold. The rule stated in all of them is substantially the same as the following quotation from *Laiblin* v. *San Joaquin Agricultural Corp., supra*: 'The ac-

tion being upon a *quantum meruit*, it was proper, of course, to allow evidence as to the reasonable value of labor performed, and it was competent to prove what was the reasonable value of such labor by the opinions of experts fully qualified to give such testimony.' It is not held in any of the cases relied upon by appellant that such testimony is absolutely necessary. In actions based on *quantum meruit* for the value of services, the value of the services rendered is for the jury. In this case, for the trial court, and while opinion evidence is admissible, where the facts constituting the service and all the circumstances relating thereto are placed before the trial court, the court or the jury, as the case may be, has before it sufficient upon which to determine the fact of value. The rule is thus stated in 40 Cyc. 2855: 'In an action for services rendered the questions whether they were rendered, and if so, what is their value, are for the jury; and in the absence of evidence of the value of such services, or where the evidence leaves uncertain the amount plaintiff is entitled to recover, the jury may estimate their value from their own judgment and knowledge on the subject.' '' (P. 445.) The court went on to state (p. 448) : ''The authorities which we have cited make this distinction and show clearly that when all the facts and circumstances are placed either before the court when sitting with a jury, or when the case is being tried before the court without a jury, the court or the jury, as the case may be, may fix the value without the aid of expert testimony.''

*Belletich* v. *Pollock*, 75 Cal.App.2d 142 [171 P.2d 57], relied upon by defendant, is not in point. There the court found a ''lack of definite evidence showing the amount of work performed by the plaintiff, the hours, days, weeks or months consumed therein, or in fact, the exact time when the services were performed.'' (P. 149.) In our case there was sufficient evidence upon which the trier of fact could conclude what the reasonable value of the services were. See *Greenberg* v. *Bank of America* (1959), 175 Cal.App.2d 664, 666 [346 P.2d 848], holding that when all the facts and circumstances are placed before the court, it may without the aid of expert testimony fix the value.

Cases like *Bergen* v. *Tulare County Power Co.*, 173 Cal. 709, 716 [161 P. 269], and *Church* v. *Capital Freight Lines*, 141 Cal.App.2d 246 [296 P.2d 563], cited by defendant, to the effect that the presumption of unchanged condition is not

retroactive, do not apply here. The inference that, as found by the court, the contract was entered into prior to 1933, is based upon the testimony of the witnesses as to what decedent said about the contract and not merely upon the fact that her statements were made at any particular date.

5. *Plaintiff's testimony.*

 Section 1880, subdivision 3, provides that a party to an action in whose behalf a proceeding is prosecuted against an estate, cannot be a witness as to any matter or fact occurring before the death of the deceased person. Plaintiff was permitted to testify that she has been a registered nurse since 1911, that she lived at a certain address on Belvedere Street for more than 30 years, that the place is six blocks from decedent's residence and that she had not been paid for any services she might have rendered. As to payment, the services having been shown to have been rendered, the burden would be on defendant to prove that they had been paid for. As to the other matters, they added nothing to the evidence already given. If there were any error in the admission of said testimony it was not prejudicial.

The judgment is affirmed.

Tobriner, J., and Duniway, J., concurred.