[Civ. No. 26732. Second Dist., Div. Four. June 12, 1963.]

CULVER ADJUSTMENT BUREAU, Plaintiff and Respondent, v. HAWKINS CONSTRUCTION COMPANY, INC., et al., Defendants and Appellants.

Frank W. Doherty for Defendants and Appellants.

Sull Lawrence for Plaintiff and Respondent.

JEFFERSON, J.—Plaintiff sought to recover $3,200 from defendants, alleging three counts: (1) an account stated, (2) an open book account, (3) the reasonable value of services rendered. Plaintiff recovered judgment on the third cause of action. The court found the reasonable value of the services rendered was $1,750, and judgment was entered against defendant Rae Hawkins individually, and two corporations, in the sum of $1,750. From this judgment defendants appeal.

Henry Polakow, assignor of plaintiff, testified his occupation was that of a business manager. Prior to March 1960 he had been a business manager for a motion picture

actor at the salary of $15,000 per year. In March 1960 he entered into an oral agreement with defendant Rae Hawkins, who was president of both defendant corporations, to work as a business manager at a salary of $800 per month. There was no stock issued in defendant corporations and there were no shareholders other than defendant Hawkins. He moved into defendant Hawkins' office on March 21, 1960, and remained there until July 15, 1960. He testified he worked with a "C.P.A." on the books and on the construction project that Miss Hawkins and her construction company were building. He supervised the preparation of a report, and attended meetings with architects, attorneys, accountants and insurance people. He estimated that he worked approximately 40 hours per week for defendants. He further testified that he was asked to work not only for defendant Hawkins personally but also for Rae Hawkins Petroleum Co., Inc., and Rae Hawkins Construction Co. He stated he did not separate the work he did for Rae Hawkins or for Rae Hawkins Petroleum Co., Inc., or the services he performed for the Hawkins Construction Co. On May 25, 1960, he sent a bill of $500 to defendants for services rendered defendants to May 23. The statement was mailed to the three defendants named herein. He testified that, instead of demanding the full $800 due under the oral agreement, as a compromise, he asked for only $500. He testified Rae Hawkins told him on July 1, 1960, that she could not afford to pay him or keep him and it would be best if they parted friends and that he should look elsewhere for work. He testified in some detail that his duties and services were rendered at the request of Miss Hawkins and the corporations.

Defendants contend plaintiff did not meet the burden of proof required to show that the reasonable value of the services rendered was $1,750. There is no merit in this contention.

It is admitted Polakow did not testify himself as to a reasonable value of the services he rendered for the three defendants, but relied upon a purported oral agreement with defendant Rae Hawkins. No additional evidence was offered as to the customary value of such services.

It is true that a party suing for compensation may testify as to the value of his services and may also offer testimony of a duly qualified expert. This, however, is not necessary or binding upon the jury or the trial court in the final determination of the reasonable value of the services rendered.

"It is elementary law that where services are rendered by one party from which another derives a benefit, a presumption of law arises from the proof thereof that the person enjoying the benefit is bound to pay what the services are reasonably worth. [Citations.]" (*Pierce Engineering Co.* v. *Chohon,* 196 Cal.App.2d 516, 518 [16 Cal.Rptr. 601]; see also *Meredith* v. *Marks,* 212 Cal.App.2d 265, 272 [27 Cal.Rptr. 737].)

"If a contract for services is not certain as to the amount of compensation, a suit in *quantum meruit* is proper, and the value of the services should then be fixed by the trier of fact. [Citations.]" (*Meredith* v. *Marks, supra,* 212 Cal. App.2d 265, 272-273.)

In the case before us, there was no direct testimony by plaintiff, or by experts in the field, as to the reasonable value of Mr. Polakow's services, but as stated in *Caminetti* v. *Prudence etc. Ins. Assn.,* 62 Cal.App.2d 945, 953 [146 P.2d 15], "where the character and extent of the services rendered are shown, and they are such services as are within common knowledge, the trial court or jury may fix the value of the services without any expert testimony on that point. [Citations.]"

From the description of the services rendered, and the activities of plaintiff's assignor, we feel the trial court had sufficient evidence to justify the determination made as to the reasonable value of the services performed. "In actions based on *quantum meruit* for the value of services, the value of the services rendered is for the jury. In this case, for the trial court, and while opinion evidence is admissible, where the facts constituting the service and all the circumstances relating thereto are placed before the trial court, the court or the jury, as the case may be, has before it sufficient [evidence] upon which to determine the fact of value." (*Nylund* v. *Madsen,* 94 Cal.App. 441, 445 [271 P. 374]; see also *Burgermeister* v. *Wells Fargo Bank etc. Co.,* 191 Cal.App.2d 624, 632 [13 Cal.Rptr. 123].)

Defendant also contends that a joint judgment against defendants should not have been entered because the court made no finding that the services were rendered for all defendants at their joint request. With this we disagree. The court found that plaintiff's assignor performed services for the three defendants at the instance and request of defendants. Plaintiff's assignor testified he performed services

at the direction of each of defendants, Rae Hawkins, Hawkins Petroleum Co. Inc., and Hawkins Construction Co., Inc. Nothing would be served by repeating the details of his testimony concerning the work performed.

Defendants, having shared jointly in the benefit of plaintiff's assignor's services, are jointly liable for the services performed. "It is well settled that judgment may be given against such of several defendants jointly charged as are shown to be liable. . . ." (*Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8, 20 [276 P. 1017].)

The judgment is affirmed.

Burke, P. J., and Kingsley, J., concurred.